### MEYER et al. v. MORESS.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

1. LANDLORD AND TENANT—MAINTENANCE OF A SIGN—ABSENCE OF LANDLORD'S CONSENT—INJUNCTION.

In an action by a landlord against his tenant to enjoin the maintenance of a sign alleged to have been erected without plaintiff's consent in writing, as required by the lease, the moving papers should have set forth the provisions of the lease.

2. SAME—ORDER ENJOINING TENANT—RECITALS.

An order enjoining the tenant from maintaining the sign was irregular, where it did not contain a recital of the grounds on which it was granted, as required by Code Civ. Proc. § 610.

Appeal from Special Term, New York County.

Action by Louis Meyer and others against Ignace Moress.   From an order enjoining defendant from maintaining pending the determination of the action, on the premises occupied by him, a certain advertising sign, he appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Isaac V. Schavrien, for appellant.

T. M. Tyng, for respondent.

LAUGHLIN, J.   The action is brought by landlords against their tenant of a fourth floor of a building owned by them to enjoin the maintenance of a sign alleged to have been erected without their consent in writing, as required by the lease.   The moving papers allege the effect of the provisions of the lease, but its provisions which it is alleged the tenant is violating should have been set forth.   Moreover, the order is irregular, in that it does not contain a recital of the grounds upon which it was granted, as required by the provisions of section 610 of the Code of Civil Procedure.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.