### In re DIETZ.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. CORPORATIONS (§ 201*)—IN SPECIAL PROCEEDINGS.

In view of Code Civ. Proc. §§ 603, 604, providing that, where it appears from the complaint that plaintiff is entitled to a judgment against defendant restraining an act, an injunction order may be granted, section 606, providing that, except where otherwise specially prescribed by law, an injunction order may be granted by the court in which the action was brought, etc., section 3333, defining the word "action," and section 3334, providing that every other prosecution by a party for either of the purposes specified in the preceding section is a special proceeding, a temporary injunction is allowable only in an action, except in certain special proceedings, where specifically provided by statute; and hence an order instructing testamentary trustees how to vote stock of a corporation, in a special proceeding to secure the removal of one of the trustees, which order is in effect a mandatory injunction, is not proper.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 201.*]

2. MOTIONS (§ 1*)—NATURE OF PROCEEDING.

A "motion" is simply an application made in a pending or proposed action or special proceeding, and must depend for its granting upon its relevancy to the main litigation.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4609, 4610.]

Appeal from Special Term, New York County.

Application of Anna Dietz for the removal of Frederick Dietz, a trustee under the will of Robert E. Dietz. From an order instructing the trustees how to vote shares of stock at an election of directors of a corporation, there was an appeal. Reversed, and motion denied.

See, also, 132 App. Div. 641, 117 N. Y. Supp. 461.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Charles E. Rushmore, for appellant.

Edward W. Hatch, for respondent.

James W. Perry, for trustee McMillan.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J. This is a special proceeding brought to secure the removal of Frederick Dietz, as one of two surviving trustees of trusts created for the benefit of Anna Dietz, by the last will and testament of Robert E. Dietz, deceased. It was commenced by the service of copies of the petition of Anna Dietz and of the notice of motion upon the two trustees and other persons interested, and thereafter, on July 17, 1909, the matter was referred by consent to Hamilton Odell, Esq., to take the evidence and report the same with his opinion. Since that time it has been pending before such referee and is still undetermined. Among the assets of the trust estate are included 600 shares of the R. E. Dietz Company, out of a total of 1,000 shares; the remainder belonging to Frederick Dietz and John E. Dietz, except the number of shares required to qualify Frank H. Clement as a director. The grounds upon which the removal of Frederick Dietz as a trustee is demanded are found in the allegations of the petition detailing his management of the corporation, his votes as a director, and his actions as an officer thereof, and a general course of dealing by which he is claimed to have so controlled its financial operations and the distribution of its profits as to diminish, or keep at an inadequate figure, the dividends payable from the company, and to unduly increase and maintain its cash surplus, thus reducing the income to the petitioner (who has the life estate from said 600 shares), and adding to the principal, which will ultimately go to the remaindermen, who are Frederick Dietz, John E. Dietz, and the wife of said Frank H. Clement. It is further claimed that Frederick Dietz's personal interests are in conflict with those of his mother, the petitioner, now a very aged woman, and that this furnishes further ground for his removal.

The directors of said corporation at the time the proceeding was commenced were Frederick Dietz, John E. Dietz, and Frank H. Clement. The annual election of the corporation was held on March 16, 1909, and prior thereto the petitioner requested her trustees, Frederick Dietz and Samuel McMillan, to vote the 600 shares of stock held by them for Samuel McMillan as director in place of Frank H. Clement, whose term as director was about to expire. This the former refused to do, voting them for Clement, while McMillan voted them, as requested, for himself, thus leading to a situation where, by the voting of the other 400 shares for Clement, the latter was elected to succeed himself. The next annual election of directors thereafter was set for January 24, 1910, and on January 20, 1910, upon an affidavit of petitioner's attorney, the original petition herein, the answer of Frederick Dietz, and the proceedings theretofore had, an order to show cause was granted why the trustees—

"should not be instructed and directed to attend the annual meeting of the stockholders of the R. E. Dietz Company for the election of directors, to be held on January 24, 1910, and at such election to vote the 600 shares of stock of said corporation, held by them as trustees aforesaid, in favor of Frederick Dietz and Samuel McMillan, as directors of said corporation, or at such meeting to move that said election be adjourned until the termination of this proceeding, and the entry of an order thereon, and to vote said shares in favor of said motion."

The order to show cause further contained a direction to such trustees to vote the shares of stock held by them in favor of an adjourn-

ment of the election until the determination of the motion. The affidavit upon which the order was granted recited the progress of the proceeding, the intention to re-elect Clement a director, and the reasons why Clement should not be re-elected, which are largely based upon his participation with Frederick Dietz in the various acts claimed to have been injurious to the interests of the petitioner. It will be noted that there is no objection made to the re-election of any other director, nor to the re-election of Clement as secretary of the corporation. The only relief asked for is the substitution of McMillan for the latter as a director.

From the petitioner's theory of the situation, the corporation would still remain under the domination of Frederick Dietz. Upon the return of the order to show cause the motion was granted, and the trustees were instructed by order to vote the 600 shares of stock held by them in favor of Frederick Dietz and Samuel McMillan as directors, thereby insuring the defeat of Clement. From this order the present appeal is taken.

Objection has been taken to the power of the court to make it, upon the ground that it was in effect a mandatory injunction, and that it is now well settled that a court of equity has no inherent absolute power to grant interlocutory injunctions, but the authority therefor must be found in the Code of Civil Procedure. Bachman v. Harrington, 184 N. Y. 462, 77 N. E. 657. Under the Code, there does not appear to be any warrant for the granting of a temporary injunction save in an action (sections 603, 604, 606, 608), and the distinction between an action and a special proceeding is clearly drawn (sections 3333, 3334).

The only exceptions of any kind to this rule, contained in the statutes, and authorizing the issuance of an injunction order, are to be found in the few isolated cases where an injunction is authorized in a special proceeding specifically named, as, for example, in Rev. St. (2d Ed.) p. 382, § 61, as amended by Laws 1876, c. 442, and by chapter 946, Laws 1895, allowing the court in its discretion to grant an injunction restraining the creditors of a corporation, in special proceedings for the voluntary dissolution of a corporation, from beginning any action against it for the recovery of a sum of money, or from taking any further proceedings in an action theretofore commenced. And it may well be that there are instances where, in special proceedings brought for specified particular purposes, under the general powers of the court, it would be authorized to issue a temporary staying order, to insure the efficient execution of its final determination.

The petitioner, however, claims that the order granted is not an injunction, but simply a direction of the court for the method of execution of the trust in a special case, where one of the trustees was about to act in bad faith and for his own benefit, and where a disagreement existed between the trustees as to their course of action. But the infirmity of this contention is that a motion is simply an application made in a pending or proposed action or special proceeding, and must depend for its granting upon its relevancy to the main litigation. It is not an independent right. Here the motion granted is in no way incidental to the main relief sought. It bears no relation to any proceeding authorized by statute; and it presents no condition warrant-

ing the intervention of the court by mandatory direction before the determination of the main issue.

The order appealed from must therefore be reversed, with $10 costs, and the motion denied, with $10 costs. All concur.

---

### DUNN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. MASTER AND SERVANT (§ 145*)—INJURY TO SERVANT—RULES OF EMPLOYMENT—CONSTRUCTION.

A railroad maintained, midway of a mile-long siding, a telegraph station, from which a semaphore was operated, and adopted a rule that a white light indicated safety. An engineer on the main track discovered that a freight train running in the opposite direction was entering the siding, and the operator changed the signal of the semaphore, so that it displayed the white one. The engineer then put on steam and collided with the other train, which had not completely cleared the main track. The rear of the latter train displayed lights. *Held*, that the rule as to the white signal was not designed to protect the train on the main line from the rear end of the train entering the siding, for the telegraph operator could not tell when the main track was clear of the train entering the siding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 288; Dec. Dig. § 145.*]

2. MASTER AND SERVANT (§ 240*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 752; Dec. Dig. § 240.*]

Appeal from Trial Term, Onondago County.