BROCKWAY v. MILLER et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. INJUNCTION (§ 132*)—INTERLOCUTORY INJUNCTION—WHEN AUTHORIZED.

An interlocutory injunction can only issue when authorized by statute.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302; Dec. Dig. § 132.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTION (§ 411*)—SUPPLEMENTARY PROCEEDINGS—INTERLOCUTORY IN-
JUNCTION.

Where a judgment debtor had, prior to the rendition of the judgment,
sold chattels to a buyer, who was indebted on account thereof, and the
validity of the sale was not questioned by the judgment creditor, and a
third person executed a mortgage on the chattels, and sold them, and ob-
tained a check for the price, the court, on petition of the receiver in sup-
plementary proceedings, alleging the facts, could not, under Code Civ.
Proc. §§ 603, 604, regulating the issuance of injunctions, issue an inter-
locutory injunction enjoining the payment of the check.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 411.*]

3. INJUNCTION (§ 157*)—INTERLOCUTORY INJUNCTION—GROUNDS OF ORDER.

An interlocutory injunctional order, which does not contain a recital
of the grounds on which it is granted, as required by Code Civ. Proc. §
610, is fatally defective.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 340; Dec. Dig.
§ 157.*]

Appeal from Special Term, Kings County.

Action by Joseph D. Brockway, as receiver, against Emma B. Mill-
er and others. From an order refusing to vacate an injunction, de-
fendant named appeals. Reversed, and motion granted.

See, also, 127 N. Y. Supp. 1113.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
THOMAS, and CARR, JJ.

Henry A. Rubino, for appellant.
J. Lindsay Hoyt, for respondent.

BURR, J. An injunction order may be issued in the following
cases: (a) Where it appears *from the complaint* that the plaintiff de-
mands and is entitled to a judgment against the defendant restrain-
ing the commission or continuance of an act, the commission or con-
tinuance of which during the pendency of the action would produce in-
jury to the plaintiff. Code Civ. Proc. § 603. (b) *In an action,* where
it appears by affidavit that the defendant *during the pendency of the
action* is doing or procuring or suffering to be done, or threatens or is
about to do or to procure or suffer to be done, an act in violation of
the plaintiff's rights respecting the *subject of the action,* and tending
to render the judgment ineffectual, or where it appears by affidavit
that the defendant, *during the pendency of the action,* threatens or is
about to remove or to dispose of his property with intent to defraud
the plaintiff. Id. § 604. As to the time when such order may be
granted, it may be granted to accompany the summons, or at any time
after the commencement of the action and before final judgment. Id.
§ 608.

On December 29, 1909, a·justice of the Supreme Court granted
an order enjoining the Fifth National Bank of New York from pay-
ing over to Emma B. Miller, or her order, or to Edward I. Herbst, at-
torney, any of the proceeds of a certain check, made by the New York
& Brooklyn Brewing Company on the Corn Exchange Bank, Myrtle
Avenue Branch, payable to Edward I. Herbst, attorney, for $500, on
the 20th day of December, 1910. A copy of this order was served

upon the Fifth National Bank on the same day. Neither affidavit, summons, complaint, copy undertaking, nor any other papers were served with it. The defendant Emma B. Miller appeared specially on motion to vacate such order, and from the order denying such motion this appeal is taken.

The validity of the order is attacked upon three grounds: (1) That at the time it was signed no jurisdiction existed on the part of the learned justice who signed the same to make any such order, and that it was therefore void; (2) that it does not appear that any of the grounds hereinbefore stated, authorizing the issuing of an injunction order, existed; (3) that the order is irregular, for failure to state the grounds thereof.

[1] An interlocutory injunction can only issue when authorized by statute. In re Dietz, 138 App. Div. 283, 122 N. Y. Supp. 1063. The only paper which seems to have been presented to the justice when the order was made, and which is recited therein, is a petition of the plaintiff and an undertaking. It does not appear that any summons had been issued, and so far as does appear no summons was issued or served upon any of the parties to this action until several days after the granting of such injunction order, when a copy of such summons was served on the defendant Emma B. Miller. It does not appear that any complaint in the action has ever been prepared or served, and it is therefore impossible to tell whether the injunction is sought under the provisions of section 603 or 604 of the Code above referred to.

[2] If the petition of plaintiff be treated as an affidavit, it does not authorize the granting of the injunction order, even if a summons had been issued at the time that the injunction was obtained, and an action were pending against the above-named defendants. From the petition, each allegation in which is made upon information and belief, it may be gathered that plaintiff was appointed receiver in proceedings supplementary to execution, issued under two judgments recovered against Emil B. Miller, who is not a party to this action; that Miller had entered into a contract with one Mullins to manufacture and deliver to him certain barroom and saloon fixtures at the premises 5123 Third avenue, in the Borough of Brooklyn, and that Mullins was indebted to him on account thereof in the sum of $4,200; and that the defendant Emma B. Miller had made a chattel mortgage upon such fixtures. The petition further states, also upon information and belief, that she had no title to these fixtures; but the sources of deponent's information, or the grounds of his belief, are not stated. The petition further states that the mortgage was foreclosed; that thereafter Walter Miller, the mortgagee named therein, and the said Emma B. Miller, sold or attempted to sell the said fixtures to the New York & Brooklyn Brewing Company, payment to be made partly in cash and partly in promissory notes; that one of these notes became due on September 30, 1910, and, being unpaid, an action was commenced thereon, which, about December 20, 1910, was settled by the giving of a check for $500 to the order of Edward I. Herbst, attorney. It is the negotiation of this check which the order seeks to enjoin.

If a complaint had been presented containing the same allegations as the petition, plaintiff would not have been entitled to enjoin the collection and payment of this check. It does not appear that the judgment debtor, Emil B. Miller, had title to these fixtures at the time that the judgments were recovered. On the contrary, it appears that he had sold them to Mullins, and that Mullins was indebted to him on account thereof in the sum of $4,200, and the validity of this sale is not attacked. If Emma B. Miller has made a mortgage or attempted to sell chattels which belonged to Mullins, and not to her, that is a matter between her and the owner of these chattels, and it is no concern of Emil B. Miller, or of plaintiff as receiver.

[3] In addition, no grounds are stated in the injunction order for the issuing of the same, and this is a fatal defect. Code Civ. Proc. § 610; Meyer v. Moress, 106 App. Div. 556, 94 N. Y. Supp. 771.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the injunction granted. All concur.