## In re ZIMMER.

(Supreme Court, Niagara County, at Chambers. April, 1912.)

1. **ELECTIONS** (§ 126*)—**PRIMARY ELECTIONS—DUTIES OF ELECTION INSPECTORS.**

   The duties of inspectors of primary elections are ministerial, and where they make a correct return of the votes cast, their functions cease and it is not their duty to determine the intent of the voters.

   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

2. **ELECTIONS** (§ 154*)—**PRIMARY ELECTIONS—JUDICIAL REVIEW.**

   Election Law (Laws 1911, c. 891) § 56, authorizing the court to review any action of inspectors of primary elections, does not authorize the court to alter the return of the inspectors of primary elections, where their return is in accord with the votes cast, except in a trifling particular.

   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. **ELECTIONS** (§ 154*)—**PRIMARY ELECTIONS—JUDICIAL REVIEW.**

   The provisions of Election Law (Laws 1911, c. 891) § 56, for summary judicial review, which authorize the court to make any change in the result of a primary election, as certified to by the custodian of primary records, as justice may require, do not give power to review threatened acts of the election officers, and a proceeding to control the action of custodians of primary records, prior to the issuance by them of a certificate of election, is premature.

   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Proceedings under Election Law (Laws 1911, c. 891) §§ 39, 56, by Charles N. Zimmer to review the action of John E. Finn and others, constituting the Board of Primary Election Inspectors of a district, in failing to count votes for Charles N. Zimmer as a candidate for member of the Republican County Committee, in making an incorrect oral statement of the result as to the election of committeeman, and in making an incorrect statement upon the statement of result sheet as to the election of committeeman, and to restrain Dow Vroman and another, as Custodians of Primary Records, from issuing a certificate of election upon such return. Proceedings dismissed.

S. Wallace Dempsey (E. M. Ashley, of counsel), for petitioner.

J. Frank Smith (W. W. Storrs, of counsel), for respondents Papworth and others.

POUND, J. At the primary election in question 83 votes were cast for county committeeman. Charles Papworth, who was the regular nominee for the party position, had his name printed on the ballot. Charles N. Zimmer was also voted for by persons writing the name on the ballot. Thirty-five ballots were cast for Charles Papworth, 33 for Charles N. Zimmer, and 13 for Charles Zimmer, C. Zimmer, C. N. Zimmer, and other incorrect or incomplete forms of the full name, Charles N. Zimmer. While some question is raised as to the meaning of the latter ballots, it appears that enough of them were intended for Charles N. Zimmer to elect him, if they may be counted according to the intent of the voters.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] It was not the duty of the inspectors of the primary election so to determine the intent of the voters. Their duties were ministerial. They made a correct return of the votes as cast, and there their functions ended. The custodians of primary records have not yet certified as to the result of such election, but have been restrained from doing so pending the determination of this proceeding. The power of the Supreme Court, or a justice thereof, summarily to review the election is stated in the Election Law (Laws 1911, c. 891) as follows:

"Sec. 39. Review of Election of Committees. The election of members to any party committee may be reviewed by summary proceedings before the Supreme Court or a justice thereof, as provided for in section seventy (fifty-six) of this act, upon the petition of any person qualified to vote at the primary election of the party which such committee represents."

"Sec. 56. Contests; Judicial Review. Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election or of any public officer or board with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to or duty prescribed for, any voter, political committee, political convention, officer or board, by this article shall be reviewable by summary proceedings upon the petition of any person aggrieved thereby, or upon a petition presented by the chairman of any political committee which summary proceedings may be instituted before the Supreme Court or a justice thereof within the judicial district where the transaction, act or neglect of duty took place. Such proceedings shall be heard upon such notice as the court or justice thereof shall direct. In reviewing such action or neglect, the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order as, under all the facts and circumstances in the case, justice may require. For the purpose of this action, service of any notice or order or other process of the court or justice thereof upon the chairman or secretary of a convention or committee or board whose action is sought to be reviewed or directed shall be sufficient. The action of any custodian of primary records in canvassing and certifying the result of any primary election, or of the Secretary of State in preparing and certifying the list of delegates to any convention, or members of a state committee, may be reviewed in like manner by the Supreme Court, or a justice thereof, which by order may make any change in the result of such primary election as certified by the custodian of primary records, or any change or alteration in the list of delegates or members of a state committee prepared by the Secretary of State, as justice may require. * * * *"

[2] It is obvious that the court has no power to alter the return of the inspectors of the primary election. Their return is in accord with the votes cast, except in one trifling particular, where a vote for "Chas. Zimmer" is returned for "Charles Zimmer." No relief can be awarded the petitioner as against them, as their return is neither fraudulent nor erroneous. Matter of Hines, 141 App. Div. 569, at page 573, 126 N. Y. Supp. 386.

[3] As to the threatened or anticipated action of the custodians of primary records in issuing their certificate of election to Charles Papworth, it is enough to say that the election law must be strictly construed in determining the subjects for summary judicial review thereunder, and section 56 does not extend to a review of *threatened* acts of such election officers. The court may make "any change in the result

of such primary election *as certified to* by the custodian of primary records  *  *  * as justice may require." No such certificate has been issued.

The proceeding is untimely brought as against them, and must be dismissed.

So ordered.