Heights Railroad Company against Alfred E. Steers, individually and as President of the Borough of Brooklyn and another. No opinion. Judgment affirmed, with costs. See, also, 151 App. Div. 888, 135 N. Y. Supp. 1102.

BROWN v. FAULKNER et al. (Supreme Court, Appellate Division, Fourth Department. July 8, 1913.) Action by Harry K. Brown against Eliza Faulkner and others. No opinion. Motion for reargument (of 141 N. Y. Supp. 1111) denied, with $10 costs. Motion for leave to appeal to Court of Appeals denied.

BRUNO v. ROGERS et al. (Supreme Court, Appellate Division, First Department. October 17, 1913.) Action by Vittorio Bruno against James H. Rogers and others. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

BRYDGES, Respondent, v. SANITARY CAN CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 8, 1913.) Action by John Brydges against the Sanitary Can Company. No opinion. Motion for reargument (of 142 N. Y. Supp. 1110) denied, with $10 costs. .

BUFFALO POULTRY, PIGEON & PET STOCK ASS'N v. INTERNATIONAL POULTRY ASS'N. (Supreme Court, Appellate Division, Fourth Department. October 8, 1913.) Action by the Buffalo Poultry, Pigeon & Pet Stock Association against the International Poultry Association. No opinion. Plaintiff's motion for stay pending appeal denied, with $10 costs.

BUFFALO SAVINGS BANK, Respondent, v. POLISH ROMAN CATHOLIC CHURCH OF THE HOLY MOTHER OF THE ROSARY OF BUFFALO et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 15, 1913.) Action by the Buffalo Savings Bank against the Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y., and others.

PER CURIAM. Order reversed, without costs, and the sale vacated and set aside, and the premises ordered resold under the judgment herein, upon condition, first, that the defendant mortgagor pay to the referee within five days, the referee's fees and expenses of the sale and the interest upon the amount paid by the purchaser from the time of the payment thereof, which, together with the principal sum paid, is to be returned by the referee to the purchaser; and, second, that the defendant mortgagor, within five days, execute and deliver an undertaking to the plaintiff, with sufficient sureties, to the effect that if upon such resale the premises shall sell for less than $80,000, they will pay the difference between that sum and the amount for which they are sold, said undertaking as to form and sufficiency of sureties to be approved by the county judge of Erie county.

If such conditions are not complied with, the application to vacate the sale stands denied, and the order appealed from is affirmed, with $10 costs and disbursements.

BURDI, Respondent, v. GIORDANO, Appellant. (Supreme Court, Appellate Division, Second Department. October 24, 1913.) Action by Saverio Burdi against Angelo Giordano.

PER CURIAM. Order reversed, with $10 costs and disbursements, upon the ground that it fails to recite the grounds for the injunction (Code Civ. Proc. § 610; Meyer v. Moress, 106 App. Div. 556, 94 N. Y. Supp. 771; Brockway v. Miller, 144 App. Div. 239, 128 N. Y. Supp. 1079), and proceedings remitted to the Special Term for further action upon the motion for an injunction, on the same papers, or such additional papers as may be submitted on notice.

In re BURKE. MEYER v. SCHULTE. (Supreme Court, Appellate Division, First Department. November 14, 1913.) In the matter of Mary E. D. Burke. Action by Anton H. Meyer against David H. Schulte. No opinions. Motions for preference granted.

BURKE, Respondent, v. BURKE, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1913.) Action by John F. Burke against William H. Burke.

PER CURIAM. Order overruling demurrer and order continuing injunction affirmed, with $10 costs and disbursements, with leave to the defendant to plead over within 20 days, upon payment of the costs in this court and the court below.

ROBSON and LAMBERT, JJ., dissent, upon the ground that this case does not present such exceptional features as to justify the intervention of a court of equity, under the rule laid down in Bomeister v. Forster, 154 N. Y. 229, 48 N. E. 534, 39 L. R. A. 240.

BURKE, Respondent, v. LINCH, Appellant. (Supreme Court, Appellate Division, First Department. October 31, 1913.) Action by Michael Burke, an infant, against George W. Linch, as receiver, etc. C. E. Chalmers, of New York City, for appellant. A. L. Davis, of New York City, for respondent. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, on the ground that the finding that the defendant was guilty of negligence and the person injured was free from contributory negligence was against the weight of evidence. Settle order on notice.

BURMASTER, Respondent, v. PENNSYLVANIA R. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 8, 1913.) Action by Martha Burmaster