In re WOODS.

(Supreme Court, Special Term, Monroe County. December 19, 1914.)

ELECTIONS (§ 154*)—PARTY GOVERNMENT—COUNTY COMMITTEE—ELECTION OF CHAIRMAN.

> The rules of the Democratic county committee of Seneca county, in accordance with Election Law (Consol. Laws, c. 17) art. 3, § 37, as added by Laws 1913, c. 820, § 9, prescribe that the voting weight of each committeeman shall be proportionate to the party vote of his district for Governor at the election last preceding the primary at which the committee may be chosen. Under the rules of the committee a call for a meeting to reorganize such committee was issued by three members, and the chairman, by petition under article 4, § 56, of the Election Law (Consol. Laws, c. 17), as added by Laws 1911, c. 391, and amended by Laws 1913, c. 820, § 28, providing for judicial review of any action or neglect of any political committee, sought to restrain his being ousted from office by any election of a new chairman by the committee in the meeting called, he alleging that in the gubernatorial election held after the organization of the county committee the Democratic vote in various districts for Governor varied from what it had been at the election preceding the primary, so that certain hostile members of the committee claimed a greater voting strength than they had at the time of his own election, and proposed to use such voting strength at the proposed meeting to oust him from office. Held that, while the occurrence of a gubernatorial election during a committeeman's term of office did not affect his voting strength in committee, which was determined for his whole term by his status in that respect at its inception, nevertheless the petitioning chairman of the board could not have such a projected meeting restrained under article 4, § 56, of the Election Law, since such action would in effect be an unauthorized issuance of a permanent injunction by the court, and since any new election resulting in the chairman's illegal ouster from office would be open to vacation in proper proceedings.

> [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Petition by Sylvester Woods, chairman of the Democratic County Committee of Seneca County, for an injunction under section 56 of the Election Law. Denied.

Daniel Moran, of Seneca Falls, for petitioner.
W. H. Hurley, of Seneca Falls, for respondents.

SAWYER, J. Under the rules of the Democratic county committee of Seneca county, the voting power of each present member is proportionate to the party vote in his district for Governor at the gubernatorial election last preceding the primary election. Election Law, § 37.

Within the time prescribed by section 40 of the Election Law, the committee met and organized by the election of a chairman, secretary, etc., the voting strength of each member at such organization being recognized and counted as so determined, and resulted in the choice of this petitioner as chairman of the committee, Harry Nugent as secretary, and Horace Deal as treasurer, and thereafter the required certificate of such organization was filed with the secretary of state and the board of elections of the county of Seneca, respectively.

Under its rules, a meeting of the committee can be at any time called, by a written notice, signed by at least three members of the committee,

being served upon each member of such committee, and in accordance therewith, upon November 18, 1914, the following notice was duly issued and served:

"To the Members of the Democratic County Committee of Seneca County:

"The undersigned, pursuant to the statute and the rules of the said committee, and being three members thereof, do hereby call a meeting of the said committee to be held in Radder's Hall in the village of Seneca Falls, N. Y., on the 21st day of November, 1914, at two o'clock p. m. on said day, for the purpose of reorganizing the said committee, and for the election of new officers thereof, and for the transaction of any further business that may lawfully come before the meeting at such time.

"Seneca Falls, N. Y., Nov. 18, 1914.                          John H. McGrain.
                                                              "Edward McGraw.
                                                              "Harry Nugent."

It appears from the moving papers that at the gubernatorial election in November of this year, and after the county committee had been elected and so organized, the Democratic party vote in the various districts of the county of Seneca for Governor varied materially from that at the election last preceding the primary election at which the committeemen were chosen; that as a result of such changes certain committeemen who are opposed to petitioner claim to be entitled to a voting power sufficiently increased from that theretofore possessed by them to enable them to control the actions of the committee and a new election of its officers. It is further set forth that the proposed meeting is called for the express purpose of ousting certain of the officers theretofore chosen, and electing in their stead, by the exercise of such changed voting power, others supposed to be favorable to the faction which was defeated at the statutory meeting for organization.

The law providing for the election of county committeemen not only specifically prescribes the voting power of each committeeman, but makes no provision for either an increase or decrease of that power during his term of office, and I think it cannot be held that the circumstance of a gubernatorial election occurring during the term of any committeeman, alters his rights and powers already fixed. The statute is clear and unequivocal. It gives to each committee member, when elected, a fixed and definite representative power during his term. It is plainly expressed, and founded upon reasons which must have been in contemplation by the enacting Legislature. It will be observed that section 37 is in the alternative, and by an appropriate party rule the actual membership of a county committee may be fixed proportionate to the party vote in its constituent districts, each member with one vote, instead of, as here, one member with such proportionate voting power for each district. Can it be said that, had the former alternative been adopted, the entire Seneca county committee could now be changed, because of the shift in voting strength shown by the election in November last? How and where could such change be made? Which members would be automatically ousted before the expiration of their statutory term of office? These practical questions, and others which will readily occur to one, demonstrate, it seems to me, that it was intended to provide for a committeeman's rights and powers effective with his election, leaving the party to adopt such of the two general committee plans as it deems most suitable for its purposes. Any other

system would necessarily give rise to inextricable and unhappy party confusion.

I think, however, that the petitioner has mistaken his remedy. Any new election, by which he is illegally attempted to be superseded in office, can doubtless be vacated and set aside; but section 56 of the Election Law does not seem to me to authorize the relief here sought. I cannot, under its provisions, grant what, in effect, would constitute a permanent injunction. It must be borne in mind that the injury petitioner complains of is one which is only threatened, and the section in question does not contemplate summary action to prevent threatened acts of officers elected under the Election Law. · Injunctions are statutory remedies, and can only be resorted to in cases and in the manner provided by statute and well-established rules of law. It seems clear that this section 56, which provides only for judicial review, cannot be held broad enough to warrant interference in restraint of a threatened wrong of this character. In re Zimmer, 76 Misc. Rep. 320, 134 N. Y. Supp.. 502; In re Dietz, 138 App. Div. 283, 122 N. Y. Supp. 1063; Brockway v. Miller, 144 App. Div. 239, 128 N. Y. Supp. 1079.

The petition is therefore denied, with $10 costs, and an order may be entered accordingly.