(152 App. Div. 628.)

### In re NORTON.

(Supreme Court, Appellate Division, Third Department.   September 11, 1912.)

1. INTOXICATING LIQUORS (§ 38*)—LOCAL OPTION ELECTION—IRREGULARITIES.
     Where alleged irregularities prior to the canvass of the votes in a local option election were presented by affidavits sworn to on information and belief only, and the sources of the information alleged did not support the charges, and the irregularities were positively denied by answering affidavits, and no objection or protest concerning the same was made by the board of inspectors at the time when such irregularities might have been corrected or avoided, they were insufficient to justify a resubmission.
     [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 38.*]

2. INTOXICATING LIQUORS (§ 38*)—WRONGFUL SALE—LOCAL OPTION QUESTION—ELECTION—OBJECTION—RESUBMISSION.
     Liquor Tax Law (Consol. Laws 1909, c. 34) § 13, provides that if for any reason, except for failure to file any petition therefor, the four propositions provided for submission to electors shall not have been properly submitted at the biennial town meeting, such propositions shall be submitted at a special town meeting called, on the filing of a petition with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the town clerk and an order of the Supreme Court or County Court, or a judge or justice thereof. *Held*, that where every requirement down to the closing of the polls was substantially complied with, and at the close of the polls the votes were canvassed, the result declared, and a return of the ballot clerks filed with the town clerk, from which a certificate of the result of the election was required to be given to the county treasurer, the failure of the election inspectors to file a return and to seal and deliver the ballot box to the proper custodian did not invalidate the election.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 38.*]

Appeal from Special Term, Washington County.

Application by Enoch B. Norton for a resubmission of the local option questions to the electors of the Town of Hartford pursuant to the Liquor Tax Law, § 13. From an order directing a resubmission (75 Misc. Rep. 180, 134 N. Y. Supp. 1030), certain interveners appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Jere M. Cronin, of Glens Falls (J. A. Kellogg and Jenkins & Barker, all of Glens Falls, of counsel), for appellants.

Clarence E. Parker, of Granville, for respondent.

PER CURIAM. At the town meeting held in connection with the general election in the town of Hartford, Washington county, in November, 1911, the four questions designated in section 13 of the Liquor Tax Law (Consol. Laws 1909, c. 34) were voted upon by the electors of that town. The majority of the votes cast were in the negative as to questions 1 and 2, and in the affirmative as to question 3. The vote as to question 4 was declared by the board of election inspectors at the close of the canvass as one majority in the affirmative. Concededly down to and including the opening of the polls on election day, every provision of the Liquor Tax Law for the submission of the four local option questions to the electors of the town of Hartford had been complied with.

[1] However, the petition upon which this application for resubmission is based charges that the inspectors of election illegally received the votes of two minors, Ashline and Parker. As to Ashline, it appears from his affidavit, a copy of which is found in the moving papers, that he became of age in May preceding the date of the election. The charge that Parker voted is made by the petitioner upon information and belief, and the charge that he voted in the affirmative is made upon belief only. The sources of the petitioner's information and the grounds of his belief as to both of these charges are stated to be affidavits annexed to the petitions, in none of which is to be found any statement whatever bearing upon either of the two charges. Other irregularities are also charged in the petition as occurring prior to the canvass of the votes, but all of them are positively denied by the answering affidavits. No objection or protest whatever, so far as appears, was

made to the board of inspectors by any person at the time when such alleged irregularities might have been corrected or avoided.

[2] A careful examination of the papers used in support of and in opposition to the application for resubmission leads to the conclusion that the learned justice at Special Term, before whom the merits of the application were argued, committed no error in disregarding the charges set forth in the petition as having occurred prior to the closing of the polls, and in the exhaustive opinion which accompanied his decision he stated:

"There are but two of the defects in the submission which require consideration: (1) The failure to make and file the original statements of canvass (Election Law [Consol. Laws 1909, c. 17] § 373); (2) the failure forthwith to seal the ballot box and return it to the proper custodian, to be preserved inviolate. Id. § 374."

Upon the closing of the polls, the inspectors of election proceeded to canvass the ballots. The first count gave a majority of six in the affirmative on question 4. At the request of one of the inspectors whose affidavit appears in the moving papers, he was allowed to recount the ballots, rejecting such as he considered void. No ballots upon the local option questions were protested as marked for identification, and no indorsement was made by the inspectors upon any void ballot. The result of such count was one majority in the affirmative, which result was accepted by the inspectors of election as correct, and so declared. The town clerk neglected to furnish blanks upon which the inspectors and ballot clerks should have made their returns, but delivered to the ballot clerks a blank sheet of paper to which an excise ballot was attached, and the ballot clerks thereupon made their return of the vote cast upon the four local option questions, showing the vote upon question 4 to have been in the affirmative, which return was filed with the town clerk. The inspectors of election, having no return blanks on the local option questions, adjourned without making any return of the vote cast thereon, leaving the ballot box locked, but not sealed, and in the polling place. The following morning the town board met as a board of canvassers, and, without any authority of law therefor, opened the ballot box, counted the ballots, and assumed to make a return, which was signed by the supervisor, town clerk, and the four justices of the peace, certifying the vote on local option question number 4 as two in the affirmative, and filed such document in the town clerk's office. Soon thereafter this proceeding was brought to obtain an order directing the resubmission of the local option questions.

Section 13 of the Liquor Tax Law provides that:

"If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the Supreme Court or County Court, or a justice or judge thereof respectively * * * sufficient reason being shown therefor."

The Special Term held that the making and filing by the inspectors of the original statements of canvass, and the sealing by them and returning the ballot box to the proper custodian at the close of the canvass on election day, were parts of the submission of the local option questions, and, not having been performed, such questions were not properly submitted at such biennial town meeting, and upon such holding granted the order for resubmission appealed from. With this conclusion we cannot agree. Concededly every requirement of section 13 down to the opening of the polls was strictly complied with, and the Special Term has held and properly, too, as before stated, that the charge of irregularities having taken place prior to the closing of the polls did not justify granting an order for resubmission and should be disregarded. At the close of the polls, the votes were canvassed, the result declared, and a return of the ballot clerks filed with the town clerk, from which a certificate of the result of the election was required by law to be given by the town clerk to the county treasurer for his guidance for passing upon applications for the issuing of licenses.

Without passing upon the contention of the interveners that the submission provided for by the Liquor Tax Law was complete when the opportunity was legally given to the electors at the opening of the polls to vote for or against local option, it must be held that, the votes having been cast, canvassed, the result declared, and the return made by the ballot clerks, the failure of the inspectors to make and file a return and to seal and deliver the ballot box to the proper custodian could not invalidate the election. If a failure to observe every provision of law relating to the conduct of elections and the acts to be performed by election officers were allowed to avoid an election, very few elections would stand. It is the result of the vote which must control, and the expressed will of the electors cannot be invalidated by reason of the carelessness of election officials. As was said in the case of Hirsch v. Wood, 148 N. Y. 146, 42 N. E. 537:

"We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the willful misconduct of election officers in performing the duty cast upon them. The object of elections is to ascertain the popular will and not to thwart it. The object of election laws is to secure the rights of duly qualified electors and not to defeat them."

Many quotations to the same effect might be given from the opinions of our highest court.

Under the conceded facts the order granting a resubmission must be reversed.