In the Matter of the Petition of HENRY H. GABELMANN, Petitioner, for an Order to the Inspectors of Election of the Village of Trumansburg, N. Y., Respondents, to Reconvene, Canvass and Count Certain Votes by Them Declared Void at the Annual Village Election Held in Said Village, March 18, 1930.

Supreme Court, Tompkins County, April 17, 1930.

*Daniel Moran* and *Daniel Crowley*, for the petitioner.

*Stagg & Heath*, for the respondents.

PERSONIUS, J.   At the village election in Trumansburg, N. Y., held March 18, 1930, J. Frank Kimple was the sole nominee for the office of mayor.   His name alone was printed on the ballot. However, the name of Henry H. Gabelmann was written in.   The inspectors have returned as follows:

Total number of ballots voted, 208.
Number to be elected to said office, 1.
Total number of votes to be canvassed, 208.

For the office of mayor the candidates named below received the number of votes set opposite their respective names.

1. J. Frank Kimple, received .......................... 86
2. Henry H. Gabelmann, received..................... 83
3. Gabelman, Henry, received ......................... 1
4. Tabelman, received................................ 1
5. Sabelman, received................................ 1
6. H. H. Gaban, received............................. 1
7. H. Gablemann, received............................ 1
   Mr. Hagerman, received............................ 1
8. Henry Cableman, received.......................... 1
   M. Gableman, received............................. 1
9. Gabelman, received................................ 7
   Mr. Gabelman, received............................ 3
10. Mr. Gabelman, Sr., received....................... 1
    Blank votes....................................... 2
    Void votes........................................ 18

    Total........................................ 208

Henry H. Gabelmann institutes this proceeding by a petition which alleges that fourteen ballots which were intended for him "were illegally rejected and declared void by the inspectors." He asks, among other things, that the inspectors be required to reconvene and recanvass the ballots and "count as valid * * * the ballots above described as void."

The respondents appeared specially and objected to the jurisdiction of the court upon the ground that the entire petition, so far as it refers to the ballots, is upon information and belief, without showing any information on which petitioner's belief is based. Decision thereon was reserved, without prejudice to the respondents, whose rights thereunder were preserved and not waived by their proceeding with the hearing.

Prior to 1922 this objection would undoubtedly have been good. (*People ex rel. Watkins* v. *Board of Convassers*, 25 Misc. 444; *Matter of Whitman*, 225 N. Y. 1, 9.) Has section 330 of the Election Law, adopted in 1922 (Laws of 1922, chap. 588), modified this rule? Prior thereto, relief was provided by a writ of mandamus; now it is had by a special proceeding upon a verified petition and is to be "summarily determined." (Election Law, § 335.)

In *Matter of Weinfeld* (119 Misc. 613; 203 App. Div. 778) the court said (p. 784): "In view of the fact * * * [that the Legislature had by the Election Law adopted in 1922] * * * pro-

vided that the Supreme Court, or any specified justice, shall determine any question arising in respect to protested, wholly blank or void ballots * * * the majority of the court are of the opinion that the Legislature intended * * * to simplify this procedure and to permit a quick and summary determination of whether or not, as matter of law, ballots rejected as void and protested were properly so rejected."

The court did not expressly hold that the proceeding could be instituted by a petition entirely on information and belief.

" Summarily " means " without ceremony or delay " (*People* v. *Grifenhagen*, 154 N. Y. Supp. 970); " short," " concise " (37 Cyc. 527; Webster's Dict.). It would seem far fetched to admit that this proceeding need not be instituted by a petition stating facts, rather than the petitioner's belief, without any allegation to reinforce it. If this be so, then the petitioner needs do no more than to say that he believes certain ballots have been protested or declared to be wholly blank or void, and thereby give the court jurisdiction of the proceeding.

However, a petition on information and belief seems to have found favor in the *Weinfeld Case* (*supra*), though by a divided court, and I have concluded to deny the respondents, objection with exception to the respondents. Respondents' rights on this objection, however, are preserved and not waived by their general appearance and answer in the proceeding.

If I considered the question open, I would agree with FINCH, J. (203 App. Div. 785), that " no matter how quick and summary a determination is provided, it nevertheless, must be initiated in accordance with the fundamental principle, that proceedings in the courts can only arise upon the presentation of facts, duly verified, and showing that a grievance exists."

Conceding jurisdiction, this court has no power to pass on the question involved. The statute authorizes the determination of any question in respect to " *protested, wholly blank or void ballots* shown upon the statement of the canvass in any election district * * *; and the court or justice may direct a recanvass * * * *of such ballots* * * *." (Election Law, § 330, subd. 4, as amd. by Laws of 1926, chap. 237.)

This proceeding may not be entertained by virtue of any " inherent powers of the court, but must find authorization and support in the express provisions of the statute." (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202, 206; *People ex rel. McCourt* v. *Whalen*, 199 App. Div. 861, 863.)

Therefore, the court is limited to a consideration of " protested, wholly blank or void ballots." (*People ex rel. Brown* v. *Freisch*,

215 N. Y. 356, 369; *People ex rel. Widmeyer* v. *Grunert*, 122 Misc. 1, 4.)

No such ballots are here involved. While the petition in paragraph 7 alleges upon information and belief that the ballots in question were " rejected and declared void," this is not the fact. The petition explicitly designates seven ballots bearing the name " Gabelman," three the name " Mr. Gabelman," one the name " Mr. Gabelman, Sr.," one the name " M. Gableman," one the name " Henry Cableman " and one " Gabelman Henry." These are the ballots of which the petition seeks a recanvass. The respondents' answer, supported by the original return of ballots made by the inspectors, shows that these identical ballots were not rejected by the inspectors but were set out on their return just as they were voted, and were not " shown upon the statement of the canvass " as either " protested, wholly blank or void ballots." In fact, it was conceded upon the hearing that the ballots described in the petition were not included in those returned by the inspectors as blank votes or void votes, and there is no claim that any ballot was protested.

Furthermore, the court can only review the errors, if any, which the inspectors made. (*Matter of Tenjost*, 169 App. Div. 300.)

The inspectors made no error, but on the contrary made a correct return.

In *Matter of Zimmer* (76 Misc. 320), as here, incorrect and incomplete names were considered, and POUND, J., said (p. 321): " It was not the duty of the inspectors of the primary election so to determine the intent of the voters. Their duties were ministerial. They made a correct return of the votes as cast and there their functions ended." Again (p. 322): " It is obvious that the court has no power to alter the return of the inspectors of the primary election. Their return is in accord with the votes cast * * *."

In *Matter of Sherman* (92 Misc. 589) similar names were written in and the inspectors canvassed and returned the votes as voted. Judge TAYLOR refused to interfere, saying (p. 594): " The * * * statute * * * does not give any power to correct mistakes made by the electors themselves * * *.

" Assuming * * * [that the votes in question] were intended for the petitioner and that if they were so counted they would change the result, I fail to see wherein the ' action or neglect ' of any public official has contributed in the slightest degree to this state of affairs.

" The proper proceeding, it seems to me, would be for the petitioner to try out his title to the office in question by an appropriate action."

In *People ex rel. Kathan* v. *County Board, etc.* (75 App. Div. 110) a variety of incomplete and incorrect names were written in. Judge WALTER LLOYD-SMITH, speaking for the unanimous Third Department, said (p. 113): " A board of county canvassers has no power to determine that votes cast for and returned to one name  *  *  * were intended for and should be counted and allowed to a person bearing another name." Again (p. 116): " It is true that by the affidavits it appears that there was only one man by the name of Locke who could have been intended  *  *  * but neither the board of canvassers nor the court upon this application has any right to receive that evidence. The title of office cannot be tried in this proceeding."

The courts cannot and will not correct the mistakes of the electors themselves. (*Matter of King*, 155 App. Div. 720; *Matter of Jackson* v. *Britt*, 147 id. 87.)

We have carefully examined all the cases cited by petitioner.

*Matter of Fergeson* (126 Misc. 286) was to review twelve protested ballots — a right expressly given by the statute.

*People ex rel. Brown* v. *Board of Supervisors* (170 App. Div. 364) dealt " with the protested or wholly blank or void ballots."

*People ex rel. Colne* v. *Smith* (188 App. Div. 834) is under the New York city charter and quite a different proceeding.

*People ex rel. Fiske* v. *Anderson* (181 App. Div. 705) is more nearly in point, but one ground for refusing mandamus was that the ballot had not been protested. Therefore, in effect the court held that relief could not be granted unless the proceeding is brought within the language of the section and involves a protested, wholly blank or void ballot.

The petitioner also raises the point that the return was not filed in time. No statutory authority for considering the question is brought to our attention, and, at most, it was an irregularity not invalidating the election. (*Matter of Norton*, 152 App. Div. 628, 632; *People ex rel. William* v. *Board of Canvassers*, 105 id. 197.)

Mr. Kimple filed an affidavit favoring a new election. This court is without power to order a new election in this proceeding, or, apparently, in any proceeding except for fraud or the like. (20 C. J. §§ 373 and 270.)

Petition denied. Prepare order accordingly.