In the Matter of the Application of GEORGE OLIVER, Respondent, to Compel a Recanvass of Returns of the General Election Held on the 3d day of November, 1931, of the Ballots Cast for the Office of Supervisor of the Town of Summit, Schoharie County, New York.

ARTHUR SMITH, Appellant.

Third Department, December 30, 1931.

*Clyde H. Proper*, for the appellant.

*Milo R. Kniffen* [*William E. Fitzsimmons* of counsel], for the respondent.

HILL, J. The petition of George Oliver recites that he was a candidate for supervisor in the town of Summit, Schoharie county, N. Y., at the general election held on November 3, 1931, and that one Arthur Smith was the opposing candidate; that there are two election districts in the town; that the inspectors of election filed the returns with the board of town canvassers " and such board of town canvassers claimed to have made a canvass of the votes cast at the said general election for the candidates for the office of supervisor * * *; that from said canvass it appears that Arthur Smith, the republican nominee for said office, received 211 votes * * * and that your petitioner * * * received 210 votes for said office." The petitioner also states it to be his belief that such canvass is inaccurate and incorrect, specifying the particulars. Upon this petition and the subsequent proceedings, two orders were made at the Columbia County Special Term of the Supreme Court, one dated November 11, the other November 20, 1931. This appeal is from those orders.

From the facts alleged in the petition and those appearing at the hearings, the court would have been justified in granting the relief authorized by sections 330 and 333 of the Election Law. The order of November eleventh directed in substance that the inspectors of election of the two districts of the town " convene as the board of inspectors of election of said election districts respectively at the Trial Term of the Supreme Court, Part Two, in the County Court House in the City of Albany on the 16th day of November, 1931, at four o'clock in the afternoon," and that the four justices of the peace and the town clerk of said town " be and they hereby are directed to convene as the board of canvassers of said town " at the same time and place, and the persons having possession of the ballot boxes of the two election districts with all ballots contained therein, were required to produce them at the same time and place,

that the boxes and envelopes might be opened and that the petitioner and his agents be permitted to inspect the ballots in the presence of the court and board, " and that all of said ballots be then and there recounted and recanvassed before said court in so far as relates to the office of supervisor of said town." The order of November twentieth contained a statement which was not justified by the record and was objected to at the time the order was signed. " And it appearing to the court that the parties hereto having stipulated in open court that all of said ballots in said boxes including any blank, void or protested ballots be reexamined, recounted and recanvassed before said court." This order further recited that the recount which had taken place under the provisions of the earlier order indicated that the petitioner received 209 votes and his opponent 207 votes, and the inspectors of election of the two districts were directed to make such returns of the results, and the board of town canvassers was directed to forthwith canvass the new returns. Attached to the order are instruments purporting to be amended returns by the inspectors of election. The change in the result was accomplished in part by a decision of the court that there were four void ballots in district No. 1 instead of two, as returned by the inspectors. This could be done only by determining that two of the ballots counted as valid on election night were void. Also a copy of the record of a meeting of the town canvassing board of Summit, purporting to have been held on November 20, 1931, " in accordance with an order of Supreme Court Justice McNamee " which certified and declared " that George Oliver by the greatest number of votes was duly elected supervisor of said town."

Judge HISCOCK, writing in a town election case (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202), says (at p. 206): " It is well settled that this proceeding may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of the statute."

Section 67 of the Town Law is entitled " Town meeting at time of general election." It provides for the canvass of the votes " in the same manner as the votes for other candidates cast at the general election are canvassed " and the delivery of the returns to one of the justices of the peace of the town, and that on the Thursday following the election, " such votes shall be recanvassed * * * as provided by section sixty-five of this chapter." Section 65 of the Town Law requires that the justices and town clerk of the town " shall then and there recanvass such votes from the statements of the inspectors of the several separate or joint election districts so delivered to them." Section 67 further provides, " In case of a

contest or other proceeding in which the validity of the election of a town officer in any such town is in controversy, the ballots cast at any town meeting and election may be examined and recounted, as provided by law, in case of other officers elected at general elections." This provision makes sections 330 and 333 of the Election Law applicable. (Cf. *Matter of Quinn*, 220 N. Y. 623.) Section 330 of the Election Law, ▌ in so far as it applies to this case, provides: " The Supreme Court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the Supreme Court shall make such order as justice may require. * * *. 4. Protested, wholly blank or void ballots shown upon the statement of the canvass in any election district or districts * * *, in a proceeding instituted by any candidate or the chairman of any committee as defined in section two, against the board of canvassers, if any, of the returns from such district, and otherwise against the board of inspectors of election of such district, both of which boards shall continue in office for the purposes of this subdivision; and the court or justice may direct a recanvass, or the correction of any error in the canvass, of such ballots, * * *. 5. The canvass of returns by the State or a county or a city board of canvassers, or by the town board of canvassers of the vote of a town meeting held at the same time as the general election, in a proceeding instituted by any voter * * *; and the court or justice may direct a recanvass or the correction of an error or the performance of any duty imposed by law on such a State, county, city or town board, * * *." Section 333 of the Election Law states: " Proceedings for examination or preservation of ballots. The Supreme Court or a justice thereof may direct the examination by any candidate or his agent of any ballot or voting machine upon which his name appeared, and the preservation of any ballots in view of a prospective contest, upon such conditions as may be proper." A portion of section 381 of the former Election Law (Laws of 1909, chap. 22) was re-enacted as subdivision 4 of section 330 of the present Election Law (Laws of 1922, chap. 588). While the language has been changed, the new enactment covers the same subject-matter. The Court of Appeals, in construing the former section, said: " The authority conferred upon the court by this section is confined to a review of the protested,

void and blank ballots returned by the election officers in the sealed package. It is distinct and separate from any provision of the law relating to the ballots replaced in the ballot box which has been sealed and locked; it is confined to the three several kinds of ballots mentioned, (a) protested ballots, (b) void ballots, (c) blank ballots." (*People ex rel. Brown* v. *Freisch*, 215 N. Y. 356, 368.) " Section 381 provides not for an inspection, but for a recount and recanvass by the court of the protested, void and wholly blank ballots. * * *. It is a proceeding for the correction of error in the election district statement." (*Matter of Whitman, No. 1*, 225 N. Y. 1, 20, dissenting opinion by McLaughlln, J.) Section 433 of the Election Law of 1909, chapter 22, covered the same subject as present subdivision 5 of section 330. This subdivision relates to the canvass of returns made by boards of canvassers and the recanvass therein mentioned is the review of the acts of boards of canvassers and of their returns. It has no reference to the recanvass or recount of ballots.

The broad and liberal powers granted to the court in the opening paragraph of section 330 are limited to " the subjects set forth in this section." The only ballots which are therein mentioned are the " protested, wholly void or blank ballots shown upon the statement of the canvass." These, under the statute, are to be placed by the inspectors in a separate sealed package (Election Law, § 226) and filed with the board of elections of the county. (Election Law, § 228, subd. 2.) The court may pass upon such ballots and direct a change in the returns to reflect its ruling thereon, if the count of such ballots by the inspectors was erroneous. Subdivision 5 of section 330, as earlier stated, has no reference to ballots or ballot boxes, but to an inspection of the returns made by boards of inspectors or canvassers. The power granted the courts to " summarily determine " concerning certain named subjects and the direction that the section should be " construed liberally " does not grant general equity powers to interpret the will of the voters, neither does it abrogate the ancient writ of quo warranto or repeal the statutes of procedure and availability to test the title to a public office.

Section 333, a part of section 374 of the former Election Law, authorizes an order for an examination of the ballots in the ballot boxes and the preservation thereof. It has been construed several times as not authorizing a recount or recanvass of the ballots. (*People ex rel. Brown* v. *Freisch, supra*, 369; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. Brink* v. *Way*, 179 id. 174.) An inspection of the ballots under section 333 (formerly section 374) cannot be merged with subdivision 4 of section 330 (formerly a

portion of section 381) to permit the procedure followed in this case. (*Matter of Whitman, No. 1, supra.*)

The inspectors of election of Summit did not return the protested, wholly blank and void ballots to the board of elections. These ballots, without distinguishing marks, were mingled with the other ballots and returned to the ballot boxes on election night. Later, in one district, the ballot box was opened by an inspector and one of this class of ballots removed. " In all cases where the petition does not disclose that ballots canvassed as void or protested are so marked or identifiable as to permit the inspectors to immediately select said ballots from those in the box, the court is confined in the examination of the protested, void and wholly blank ballots to such ballots as are found in the envelopes." (*People ex rel. Brown* v. *Freisch, supra*, 373.)

The court had no authority in this proceeding to determine that two of the unprotested ballots were void, or to require the boards of inspectors and canvassers to change their earlier returns except in respect of " protested, wholly blank or void ballots shown upon the statement of the canvass in the election district." (Election Law, § 330, subd. 4.) Authority as to such ballots existed only if they had been filed with the board of elections (Election Law, § 228), or, if erroneously returned to the ballot box with the unprotested ballots, if they were " so marked or identifiable as to permit the inspectors to immediately select said ballots from those in the box." (*People ex rel. Brown* v. *Freisch, supra.*)

The order of November eleventh should be reversed on the law, with costs, except in so far as it permits an inspection of the ballots. The order of November twentieth should be reversed on the law and all the acts done by the inspectors of election and the board of canvassers under such orders should be vacated and annulled.

All concur.

Order of November eleventh reversed on the law, except in so far as it permits an inspection of the ballots.

Order of November twentieth reversed on the law, and all the acts done by the inspectors of election and the board of canvassers under such orders are vacated and annulled.