In the Matter of the Application of CHARLES A. TEFFT for an Inspection and Examination of the Absentee Ballots, etc., for the Office of Supervisor of the Town of Concord, Erie County, New York, etc.— Order affirmed, without costs of this appeal to any party. Memorandum: 1. The absentee ballots in question were not shown upon the statement of the canvass or returned by the board of elections as " protested, wholly blank or void ballots " or as " protested or rejected absentee voters' ballots." Neither were they marked or identified as such. Section 330, subdivision 4, of the Election Law gives the court no summary jurisdiction under such circumstances. (*People ex rel. Brown* v. *Freisch*, 215 N. Y. 356; *Matter of Oliver*, 234 App. Div. 170; *Matter of Gabelmann*, 136 Misc. 641; *Matter of Hall*, 157 id. 768; *Sheils* v. *Flynn*, 252 App. Div. 238; affd., 275 N. Y. 446.) 2. Proceedings under section 330, subdivision 4, of the Election Law were not instituted within twenty days of the election. It is immaterial that a proceeding was instituted under section 333 of the Election Law within twenty days of the election. These proceedings are distinct and separate and cannot be merged. (*Matter of Whitman*, 225 N. Y. 1; *Matter of Oliver*, supra, at p. 174.) All concur, Crosby, P. J., in result upon the second ground stated in the memorandum, Cunningham, J., in result upon the first ground stated in the memorandum, except Harris, J., who dissents and votes for reversal in the following memorandum: In regard to ground No. 1 stated in the memorandum, I believe that there was sufficient protest in reference to the ballot of Anastasia D. Smith. Such ballot was issued without her request and an employee of the board of elections had no right to interpose his viewpoint of her residence as against hers. If the two ballots in question were unquestionably void (and the trend of the law appears to be that ballots marked other than by black pencil may be regarded as void), this court is authorized to correct the result by section 330, subdivision 4, of the

Election Law. In my opinion to say that the court cannot go beyond the acts of the inspectors of elections, would lead to consequences serious enough to vitiate the integrity of the ballot. In regard to ground No. 2, I am of the opinion that the liberal construction of the law for which the statute provides should lead to the conclusion that what the Special Term in this case has called two proceedings, is really one proceeding and that, therefore, the proceeding was instituted in time. (*Matter of Bewley*, 138 Misc. 108.) (The order denies petitioner's application to declare null and void two absentee ballots and to direct the board of elections to so report to the board of canvassers of Erie county.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.