Frank S. McCullough, J.
This is an application for a judicial recanvass and recount of all the ballots and an inspection of the protested and void ballots cast for the office of Republican County Committeeman for the First Election District in the Town of Pelham,
The Board of Elections on the return day of this application handed up to the court the sealed envelope containing the protested, wholly blank or void ballots and statement of canvass. *1021 It is the petitioner’s contention that certain errors, irregularities and fraudulent practices occurred in connection with the counting and tallying of ballots as a result of which, ballots were not counted for the petitioner. The errors, irregularities and fraudulent practices are alleged to be as follows:
(a) Allowing a registered blank to vote in the Republican Primary.
(b) Before delivery of the ballot to a voter the stub was partially torn off the ballot.
(c) Voters were permitted to deposit their own ballots.
(d) Polling place was not ready for voting at 12 noon.
(e) The ballot box had a broken glass.
(f) Electioneering within 100 feet of polling place.
(g) Premeditated confusion at the time of the count and a person other than the watcher or member of the board passed upon the validity of each ballot before it was counted.
(h) Failure to put 39 void ballots in sealed envelope.
It is further alleged that as a result of the foregoing the tally was as follows:

As to item number (a) the inspectors admit such fact but state it was the result of identity of names of a father and son, the father being registered blank and the son a registered Republican. Upon discovery of the error the board immediately called the Board of Elections and advised them of the error. As to item (b), it is stated by a member of the board that she merely placed her fingernail over the perforated part of the ballot to enable the voter in tearing off the number and for no other purpose. As to item (c) the Election Law specifically requires (Election Law, § 202) the inspector to deposit the ballot. Objection (d) states the polling place was not ready for voting at 12 noon. There is no proof to show such fact or that anyone was deprived of his or her right to vote. It is undisputed as alleged in objection (e) that the ballot box had a broken glass. Objection (f) alleges that one of the candidates for office of the County Committeeman electioneered within 100 feet of the polling place. There is no proof to substantiate such charge in the record submitted to the court. Objec *1022 tion (g) alleges premeditated confusion which is refuted by the affidavit of the officer assigned to the polling place. It is further alleged that a person other than members of the board and the watchers passed upon the validity of the ballots. This is denied and the alleged such person was a watcher despite the fact his certificate was not filed. There is no proof to substantiate the charge the void ballots were not placed in the enevelope provided by the Board of Elections.
After reviewing the affidavits submitted the court holds the evidence does not justify a holding that the election was conducted in a fraudulent manner.
As was said in Matter of Norton (152 App. Div. 628, 632), “ If a failure to observe every provision of the law relating to the conduct of elections and the acts to be performed by election officers were allowed to void an election, very few elections would stand. It is the result of the vote which must control, and the expressed will of the electors cannot be invalidated by reason of the carelessness of the election officials.”
Allegations of fraud must be clear and substantiated. (See Matter of Calman, decided by this court Sept. 25, 1961.)
The motion to conduct a general, complete and unrestricted recount of all ballots cast at the primary in the First Election District of Pelham is denied.
The court in its discretion under section 330 of the Election Law directs that the void, blank and protested ballots delivered to the court on the return of this application be opened at 3:00 p.m. Thursday, September 28,1961 in Special Term, Part I, in the presence of representatives of the Board of Elections, its attorney, the County Attorney, the parties hereto and/or their counsel and proceed as follows:
Open the envelope containing void, blank or protested ballots cast at the primary election held September 7, 1961 in the First Election District, Town of Pelham, recount and recanvass the ballots contained in said envelope separating, designating and segregating the protested, void, and blank ballots and report the tally thereof to this court. Either party may object to any ballot classified as valid or void and said objections will be passed upon by this court as to the validity of the ballot. Upon the receipt of the tally as directed herein, the court will determine who are the duly elected committeemen.