In the Matter of Joseph I. Progno, Appellant, v. Monroe County Election Commissioners, Respondents.

Fourth Department, November 1, 1963.

*Erwin N. Witt* for appellant.

*Leo T. Minton* for respondents.

*Per Curiam.* We find sufficient facts alleged in the petition and annexed affidavits that should have moved Special Term to grant affirmative relief. It appears therefrom that some 66 persons alleged by those persons to be residents of a nursing home at 179 Lake Avenue in the City of Rochester have applied for and received absentee ballots. Some 62 thereof have been returned to the Board of Elections. It is further alleged that the required affidavit on the reverse side of the envelope in which the ballot is enclosed (Election Law, § 121) has not been signed by 28 of the voters. In place thereof the voter has placed an "X" and this has been witnessed in each case by the same person — an employee of the nursing home. The annexed affidavit, purported to have been made by one of these absentee voters, contains serious charges that the same employee "filled in the remaining parts of said absentee ballot without direction from the deponent and that the deponent was not permitted to indicate his choice of candidates thereon."

Article 8 of the Election Law contains provisions for the conduct of elections. Section 204 thereof details procedure for the casting and canvassing of absentee ballots. After the closing of the polls the inspectors of election are mandated to examine the envelopes containing absentee ballots. Subdivision 2 of section 204 authorizes " any person " in the polling place to object to the voting of any absentee ballot upon any one of four specified grounds. One of these is that the absentee voter " was not entitled to cast such ballot ". The statute goes on to provide that after such objection the " board of inspectors forthwith shall proceed to determine such objection."

If the board, by majority vote, sustains the objection it must so indorse the envelope which shall not be opened or the ballot canvassed. The envelope must be returned unopened to the Board of Elections. On the other hand if the objection is not sustained an indorsement to that effect must be indorsed on the envelope, it is opened and the ballot deposited in the ballot box.

Thus, it is apparent that if objections are made at the time of canvassing some or all of these absentee ballots, and the objections are not sustained, the ballots will be canvassed and disposed of in such a manner that any further judicial proceeding would be ineffectual. In other words once the ballot is deposited in the box among others it is doubtful if there could be any effective judicial review pursuant to section 330 of the Election Law upon a subsequent finding that the absentee voters were not entitled to cast the absentee ballots (cf. *Matter of Hogan* v. *Supreme Ct.*, 281 N. Y. 572). Furthermore, such defects, if any, would not appear on the face of the ballot and a subsequent recanvass would be unavailing (*Matter of O'Shaughnessy* v. *Monroe County Bd. of Elections*, 15 A D 2d 183, 188).

It has been held that an absentee voter's ballot which is not protested at the time of canvassing such votes upon the closing of the polls cannot be subsequently rejected (*Matter of Commerdinger*, 246 App. Div. 834, affd. 270 N. Y. 657; *Matter of Mullen*, 298 N. Y. 785; *Matter of Cosgrove [Walsh]*, 292 N. Y. 115). Petitioner herein, however, alleges that he intends to challenge or cause to be challenged all of the 62 absentee ballots.

Section 330 of the Election Law confers upon the Supreme Court broad jurisdiction to summarily determine questions of law and fact in certain areas. In addition, section 333 grants further jurisdiction to direct the preservation of ballots in view of a prospective contest, upon such conditions as may be proper (cf. *Matter of Tefft*, 259 App. Div. 782).

Upon the facts here presented we conclude that there is jurisdiction to act. If such is not done and the proposed objections are disallowed by the Board of Inspectors, any judicial review of that determination will be thwarted by the deposit of the ballot in the ballot box. We conclude that an order should be made directing that in the event the Board of Inspectors does not sustain the objections, if made, that the board shall open the envelope, canvass the ballot, thereafter return the ballot to the envelope and reseal the envelope. Thereupon the board shall indorse thereon, in addition to the notation that the objection was "not sustained", the further legend "ballot canvassed and resealed in this envelope pursuant to order of Supreme Court, Appellate Division, dated November 1, 1963 ".

The order should be reversed and the application granted in part.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and NOONAN, JJ., concur.

Order unanimously reversed and application granted in part, without costs of this appeal to either party.