(September 25, 2003)

In the Matter of KATHY KING, Respondent, v KATHRYN M. SMITH, Respondent, and NEW YORK CITY BOARD OF ELECTIONS, Appellant. [765 NYS2d 51] —In a proceeding pursuant to Election Law article 16, inter alia, to preserve for judicial review the ballots cast in the Democratic Party primary election held on September 9, 2003, for the office of Judge of the Civil Court of the City of New York from the County of Kings, 7th Municipal District, the New York City Board of Elections appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated September 17, 2003, as directed it to implement certain procedures to preserve the disputed paper ballots for judicial review.

Ordered that the order is modified, on the law, by adding thereto a provision that the inspectors must endorse the original mailing envelope with a notation that the objection was not sustained, the ballot was canvassed, a photocopy of the ballot

was inserted in the envelope, and the envelope was resealed pursuant to the order; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly directed the New York City Board of Elections (hereinafter the Board of Elections) to implement certain procedures to preserve for judicial review those paper ballots which are counted over an objection by a candidate or her representative. Specifically, if an objection of the candidate or her representative is not sustained, one of the inspectors must open the original mailing envelope, photocopy the ballot, insert the photocopy in the envelope, and reseal the envelope. This procedure, as modified herein, is consistent with Election Law § 16-112, which provides, in relevant part, that the Supreme Court "may direct the examination by any candidate or his [or her] agent of any ballot or voting machine upon which his [or her] name appeared, and the preservation of any ballots in view of a prospective contest, upon such conditions as may be proper" (see also Matter of Progno v Monroe County Election Commrs., 19 AD2d 462 [1963]; O'Keefe v Gentile, — Misc 2d —, 2003 NY Slip Op 23466 [Sup Ct, Kings County, Mar. 4, 2003]).

The remaining contention of the Board of Elections regarding an alleged breach of voter confidentiality is without merit (see Matter of Longo v D'Apice, 154 AD2d 726 [1989]). Altman, J.P., H. Miller, Adams and Townes, JJ., concur.