(121 App. Div. 693.)

## In re GREENE.

(Supreme Court, Appellate Division, First Department. October 29, 1907.)

ELECTIONS—NOMINATIONS—STATUTORY PROVISIONS—CONVENTIONS—AUTHORITY TO MAKE.

> Primary Election Law, Laws 1899, p. 993, c. 473, § 10, provides for the calling of party conventions. Election Law, Laws 1896, p. 922, c. 909, § 56, as amended by Laws 1901, p. 1669, c. 654, provides for the nomination by convention of candidates for office and the filing of nomination certificates containing the names of persons nominated and appointing a committee for the purposes specified in section 66 (page 931) of the act, which provides that, if the nomination is declined, the committee on the certificate of nomination may make a new nomination to fill the vacancy. Section 61 (page 928) provides for the publication of a list of all the nominations, and section 64 that the name of any person nominated shall not appear on the ballot if he declines the nomination in writing, duly acknowledged by him, and the officer with whom the original certificate of nomination is filed shall notify the committee appointed therein to fill such vacancies that the nomination has been declined. Section 81 (page 933) provides for placing on the election ballots all the names of persons nominated whose certificates of nomination have been properly filed, and who have not declined the nomination as provided in the act. *Held*, that where a convention nominated M. for a certain office, and after the certificate of his nomination was filed he declined the nomination in writing, as provided by section 64 (page 930), the convention, having adjourned, had no power to again convene and nominate petitioner for the office; the power to fill such vacancies being vested by the statute in the committee named in the certificate of nomination.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections,. § 119.]

> Clarke, J., dissenting.

Appeal from Special Term.

Proceedings in the matter of the petition of Headley M. Greene. From an order affirming the determination by the board of elections, sustaining objections filed by John M. Tierney to the certificate of nomination of the petitioner, he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, and SCOTT, JJ.

Nathaniel A. Elsberg, for appellant.

Daniel F. Cohalan and Terence Farley, for respondent.

INGRAHAM, J. The facts as found by the court below upon which its determination was based are as follows:

First. That on October 9, 1907, at a convention of the Republican Party, duly called and held for such purpose, one Headley M. Greene was duly nominated as a candidate for the office of justice of the Municipal Court of the city of New York, borough of the Bronx, Second district, at the next ensuing general election, to be held at the city of New York on November 5, 1907. That the certificate of said nomination, dated October 9, 1907, was duly filed in accordance with the election law, and said nomination still remains in force and effect, and has not been declined, and said Headley M. Greene ever since has been and still is the nominee of said Republican Party for said office.

Second. That on October 4, 1907, the regular convention of the Independence League Party for the nomination of a candidate for the office of justice of the Municipal Court of the city of New York, borough of the Bronx, Second district, was duly held and organized, and temporary and permanent officers at said convention were then duly elected, who took the oath required by law, and said convention was thereupon duly adjourned to October 9, 1907, on which last-named day the said convention of the said Independence League Party was duly called and held for such purpose, and one Edwin S. Merrill was duly nominated as the candidate of the said Independence League Party for said office, and, pursuant to the provisions of the election law, Arthur J. Largy, J. Fairfax McLaughlin, Jr., and John J. McLean were duly appointed by said convention a committee to fill any vacancy caused by death, declination, or otherwise, as provided by section 66 of the election law, and the said Edwin S. Merrill thereupon on said day, and in open convention, duly accepted said nomination, and, these things having been done, said convention thereupon adjourned.

Third. That thereupon the certificate of nomination of said Edwin S. Merrill, as aforesaid, was duly executed and filed by and on behalf of said Independence League Party, pursuant to the election law, with the board of elections of the city of New York. Said certificate in form, substance, and letter complied with the statute in such case made and provided, and, among other things, certified to said nomination of said Edwin S. Merrill and the appointment of said committee consisting of the persons above mentioned.

Fourth. That thereafter, and at 8:43 p. m. on October 11, 1907, the said Edwin S. Merrill duly declined said nomination by a writing duly filed in the office of the board of elections of the city of New York at that time, which said writing was duly executed and acknowledged by said Edwin S. Merrill.

Fifth. That at 8:30 p. m. on October 11, 1907, an assemblage purporting to be a convention of the said Independent League Party was held, and said assemblage attempted to nominate said Headley M. Greene as its candidate for the said office to fill the vacancy caused by the declination of said Edwin S. Merrill as aforesaid.

Sixth. That thereafter, and on October 11, 1907, at 11:57 p. m., a writing was filed with the said board of elections of the city of New York, purporting to be a certificate of the nomination of the said Headley M. Greene as the candidate of said Independence League Party, at-

tempted to be nominated at said assemblage held on October 11, 1907.
. Seventh. That at the time of the attempted nomination of said Headley M. Greene for said office by said Independence League Party, and at the time of the filing of said certificate of said attempted nomination, said Headley M. Greene was and still is the regular nominee or candidate of the Republican Party for the same office.

Eighth. That on October 14, 1907, one John M. Tierney, a duly qualified elector, entitled to vote for a candidate for said office at said election, and himself the candidate duly nominated by the Democratic Party for said office, duly filed written objections to said alleged nomination of said Headley M. Greene by said Independence League Party, which objections were duly executed and verified by said John M. Tierney, and were in the form by the statute in such case made and required, and thereupon, on October 17, 1907, said objections duly came on to be heard before said board of elections of the city of New York upon due notice to all parties entitled to notice, and said board, after hearing the proofs and allegations of all parties, duly sustained said objections, and rejected the said Independence League Party's certificate of nomination of said Headley M. Greene, said Headley M. Greene appearing at said hearing in person and by counsel and being duly heard.

By section 10 of the primary election law (chapter 473, p. 993, Laws 1899) provision is made for party conventions in and for the political subdivisions of the state. It provides that every convention shall be called to order by the chairman of the committee, with whom the call originates or by a person designated in writing for that purpose by such chairman; that the temporary chairman shall be chosen on the call of the roll, and that the convention shall further proceed to organize and transact the business for which it was assembled; and that the permanent officers shall keep the records of the convention, and within 48 hours after the adjournment thereof shall certify and file the same in the office of the custodian of primary records. By section 56 of the election law (chapter 909, p. 922, Laws 1896, as amended by chapter 654, p. 1669, Laws 1901), party nominations to be made by a convention, provision for which is made by section 10 of the primary election law, are regulated. Section 56 provides that nominations to be made as provided by this section shall be known as "party nominations," and the certificates by which such nominations are certified shall be known as "party certificates of nomination." The party certificate whereby such party nominations are certified shall "contain the title of the office for which each person is nominated, the name and residence of each such person, and, if in a city, the street number and the residence of each such candidate, and his place of business, if any. * * * It shall be signed by the presiding officer and a secretary of such convention or primary, or, if made by a committee, by a majority of the members thereof, who shall add to their signature their respective places of residence and shall make oath before an officer qualified to take affidavits that the affiants were such officers of such convention or primary. * * * A certificate of nomination filed pursuant to this section may upon its face appoint a committee of one or more persons for the purposes specified in section 66 of this act."

By section 61 of the election law provision is made for the publication at least six days before the election of a list of all nominations of candidates for office other than town offices to be filled at such election certified to such officer by the Secretary of State or filed in the office of such officer. By section 64 it is provided that the name of a person nominated for any office shall not be printed on the official ballot if he notifies the officer with whom the original certificate of his nomination is filed in a writing, signed by him and duly acknowledged, that he declined the nomination. Provision is then made for what is called the "declination" of a person so nominated, and the section then provides that the officer to whom such notification is given shall forthwith inform, by mail or otherwise, the committee appointed on the face of such certificate as permitted by sections 56 and 57 of the act. Section 66 provides for filling vacancies in nominations and correction of certificates. It is there provided that if a nomination is duly declined, or a candidate regularly nominated dies before election day, or is found to be disqualified, or if any certificate of nomination is found to be defective but not wholly void, the committee appointed on the face of such certificate of nomination, as permitted by sections 56 and 57 of this act, may make a new nomination to fill the vacancy, or may supply such defect, as the case may be, by making and filing with the proper officer a certificate setting forth the cause of the vacancy or the nature of the defect. " * * * The certificate so made shall be subscribed and acknowledged by a majority of the members of the committee." By section 81 provision is made for the general ballot to be voted on at the election. It is provided that there shall be provided at each polling place at each election at which public officers are voted for but one form of ballot for all the candidates for public office, and every ballot shall contain the name of all the candidates whose nominations for any office specified on the ballot have been duly made, and not withdrawn, together with the title of the office, arranged in tickets under the titles of the respective political parties or independent bodies, as certified in the certificates of nomination.

The system for the election of public officers is provided by the sections above referred to. Provision is made for the calling of a convention, the nomination by that convention of candidates for the offices to be filled, and the filing with the public officials of a certificate stating the names of the persons so nominated. When that duty is performed, the functions of the convention have been entirely completed. The nominations for office have been made, and it is then the duty of the election officers to publish the names of the persons so nominated, and to place them upon the official ballot to be voted at the election. No discretion is given to the election officers to substitute for any reason other names for those of the persons thus duly nominated, except in so far as the statute provides for filling vacancies. The provision for filling vacancies, whether caused by declination, death, or disqualification, is vested solely in the committee to be appointed by the nominating convention, and to this committee is alone given the power of filling any vacancy that may occur for any reason. There is certainly no intention expressed of conferring upon more than one body the power to fill vacancies; and the reason is obvious, as great confusion would result

if rival nominations were to be made by different bodies having power to fill such vacancies.

The failure of the statute to authorize any convention to do any act after it had made the nominations and caused the certificate of the nominations thus made to be filed with the election officer, and the express power conferred by the statute upon the committee designated for that purpose to fill any vacancies that should occur, seem to clearly indicate the intention to limit the power of the convention to the making of the nominations and the filing of the certificate, and that, after that act has been accomplished, the convention has no further power, as at that time its work is done, and nothing remains for it to do.

The order should therefore be affirmed.

PATTERSON, P. J.    I concur in the views expressed by the court at Special Term, and am of the opinion that the power of the convention to make nominations ceased with the filing of the certificate with the board of elections after the adjournment of the convention.

It is prescribed by section 10 of the primary election law that within 48 hours after the adjournment of the convention its permanent officers shall certify and file the records of the convention in the office of the custodian of primary records.    It is found by the court below that the certificate of nomination of Edward S. Merrill was duly executed and filed by and on behalf of the Independence League Party, pursuant to the election law, with the board of elections of the city of New York.    And it also appears in the finding that the convention appointed a committee to fill any vacancy caused by death, declination, or otherwise, as provided by section 66 of the election law.    Laws 1896, p. 931, c. 909.    It seems to me that, after the convention adjourned, it had no further power to reassemble and nominate another person.    It had established the agency which the law required and authorized to act in the case of a person declining a nomination.

I think that the court below was right in its construction of this statute and the effect which has been given to it; and, that after the convention adjourned and the certificate of nomination was filed, it was left to the committee to fill the place of the candidate declining the office; and that the conclusion of law that the convention of the Independence League by the nomination of Edward S. Merrill, the appointment of the committee, the adjournment of the convention and the filing of his certificate of nomination, had exhausted its powers and fulfilled the purposes of its political existence.    The meaning of the word "adjournment" in this connection must necessarily be final adjournment, because the act contemplated by the statute of filing the certificate could only be performed after the convention had completed its work.

SCOTT, J.    In my opinion, the act which under the statute completes the duty and the powers of the convention is the filing with the board of elections of the certificates of nomination.    By the letter of the statute, and, as I conceive, by its intention, the power and duty of doing any act thereafter necessary to be done, which but for the statute might have been done by the convention, is vested in the committee

named in the certificate of nomination. Therefore, in the present case, the certificate having been executed, verified, and filed, and a committee named therein, the convention as such had no further duty or power, and no one could supply a vacancy caused by the declination of a candidate except the committee.

CLARKE, J. (dissenting). In the Matter of Halpin, 108 App. Div. 271, 95 N. Y. Supp. 611, this court used this language:

"In the obscure state of the statutory law with respect to the powers of a nominating convention, after appointing a committee to fill vacancies in nominations, and realizing that there may be danger at times that a committee might fail to perform its duty or might cease to represent the will of the party, we shall also refrain from expressing any opinion on the question as to whether the convention became functus officio upon adjourning subject to the call of the chair."

As a majority of this court have now passed upon the question there reserved, and have determined that by the nomination, the appointment of a committee to fill vacancies, and the filing of the certificate of nomination, although the time of the convention to act as limited by the statute had not expired, the convention was nevertheless functus officio, I must express my dissent from these views upon the ground that, as a party convention is the highest governing body of a political party, the appointment of a committee as its agent is not an irrevocable act which deprives it of all further power in the premises. Although there may be possible evils, as pointed out in the opinion of Mr. Justice INGRAHAM, which may arise out of any other interpretation of this statute than that laid down by him, yet I can see evils of as great magnitude which may arise from denying to the highest body of a political party the power to control its own affairs.

I therefore dissent.