In the Matter of IRA H. HOLLEY et al., Appellants; WILLIAM C. RITTENBERG, Respondent.

(Argued October 21, 1935; decided October 22, 1935.)

485

*Irving H. Saypol* and *Leo Kottler* for Ira H. Holley, appellant. The Supreme Court has jurisdiction after a primary election to order a recount, and upon such recount, to declare as a result that any candidate received a plurality of votes at such primary election, and to direct the Board of Elections to declare such candidate to be the nominee of the party holding such primary election. (Cons. Laws, ch. 17, § 330; *Matter of Whitman*, 225 N. Y. 1; *Matter of Tamney* v. *Atkins*, 209 N. Y. 202; *Matter of Hylan*, 265 N. Y. 607; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Ecker* v. *Cohen*, 239 App. Div. 145.) The consent of the respondent having been given voluntarily, he should not be released therefrom. (*Rabbitt* v. *Garrand*, 89 App. Div. 119.)

*Paul Windels, Corporation Counsel* (*Paxton Blair, Russell Lord Tarbox* and *Seymour B. Quel* of counsel), for Board of Elections of the City of New York, appellant. The Supreme Court had inherent jurisdiction by virtue of the provisions of the State Constitution and the Election Law (Cons. Laws, ch. 17) to enter the order appealed from. (N. Y. Const. art. 6, § 1; Cons. Laws, ch. 17, §§ 330, 333; *Matter of Hearst* v. *Woelper*, 183 N. Y. 284; *Matter of Wogan*, 242 App. Div. 839.)

*Jay Leo Rothschild* and *Walter S. Beck* for respondent. The Election Law does not grant any power to the Supreme Court to conduct a general recount. (*People ex rel. Fiske* v. *Bantz*, 181 App. Div. 702; 222 N. Y. 676; *Matter of Medbury*, 234 App. Div. 26; *Matter of Friedman*, 238 App. Div. 341; *Matter of Barrett*, 209 App. Div. 217; *Matter of Weinfeld*, 203 App. Div. 778; *People ex rel. McCourt* v. *Whalen*, 199 App. Div. 861; *People ex rel. Brown* v. *Freisch*, 215 N. Y. 356; *People ex rel. Widmeyer* v. *Grunert*, 122 Misc. Rep. 1; *People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Mellen* v. *Board of Elections*, 262 N. Y. 422; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416.)

*Per Curiam.* The Legislature by section 330 of the Election Law (Cons. Laws, ch. 17), has conferred upon the Supreme Court broad power to determine " any question * * * arising * * * [and] make such order as justice may require " in respect to the matters enumerated in the succeeding subdivisions of that section. The field of its powers is limited to the specified matters; within that field the power is plenary. Among the matters specified in respect to which this plenary power has been granted is " the nomination of any candidate." (Subd. 2.) The provision in the same subdivision that " the court may direct a re-assembling of any convention or the holding of a new primary election where a convention or primary election has been characterized by such frauds or irregularities as to render impossible a determination as to who rightfully was nominated or elected," is not a limitation on the plenary power of the court to make such order as justice may require in respect to the nomination of a candidate where a determination as to who rightfully was nominated is not impossible. The cases in which this court has held that no order for a general recount or recanvass of the votes may be ordered did not concern the nomination of candidates, but their election to office, in respect to which the statute has not given plenary power to the court.

The consent of the respondent to the entry of orders for re-examination of ballot boxes cures irregularities, if any, in the application of the appellant, Holley. That consent could not be withdrawn after both sides had acted upon it. We do not decide whether a recount of all the boxes should have been made if the respondent, Rittenberg, had made timely demand.

The order of the Appellate Division should be reversed and the orders of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Ordered accordingly.