In the Matter of FRANK J. HOGAN, Appellant, against the SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.

Argued December 15, 1939; decided December 15, 1939.

*John H. Broderick* for appellant.

574

*Ellis J. Staley* for John J. Ahern, respondent.

*Per Curiam.* Section 330 of the Election Law (Cons. Laws, ch. 17) vests the Supreme Court with jurisdiction summarily to determine, among other things, any question of law or fact arising as to, " Protested, wholly blank or void ballots shown upon the statement of the canvass in any election district or districts * * *" (Subd. 4). This power is to be exercised in a proceeding instituted in the manner and within the time prescribed by the statute, " and the court or justice may direct a recanvass, or the correction of any error in the canvass, of such ballots * * *."

At the general election of November, 1939, John J. Ahern was the candidate of the Republican party for the office of Mayor of the city of Troy. The voting machine then used in the second election district of the eighth ward of the city failed to record all the votes there cast for Ahern although all votes cast for all other candidates on the ballot were correctly registered by the machine. The question to be determined is whether, in a proceeding brought under the foregoing provisions of section 330, the court may receive the testimony of electors to establish the number of votes cast for Ahern on the defective machine.

It is argued for Ahern that each time the defective machine failed to register a vote cast for him the result was a ballot " wholly blank " in the sense of that phrase as used in the statute. We are unable to assent to that argument. The form of ballots on voting machines is defined and illustrated by section 249. (See, also, §§ 250, 261, 268, subd. 2.) If such a ballot can ever be wholly blank, that situation could hardly be ascertained from the machine itself. But however that may be, a ballot is not wholly blank when a vote cast for any candidate named on it is registered by the machine. This was the case in respect of all ballots here involved.

The question of the construction of section 330 was not raised or considered in *Matter of Creedon* (264 N. Y. 40). Any extension of the summary remedy authorized by that section must be made by the Legislature.

The order of the Appellate Division should be reversed and the application for a restraining order granted, without costs.

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur; HUBBS and FINCH, JJ., dissent and vote to affirm the Appellate Division; O'BRIEN, J., takes no part.

Ordered accordingly.