In the Matter of THOMAS A. AURELIO, Respondent, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Appellants.

In the Matter of MATTHEW M. LEVY et al., Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

In the Matter of THOMAS J. CURRAN et al., Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.

MICHAEL J. KENNEDY et al., Constituting the Committee on Vacancies Appointed by the Judicial Convention for the First Judicial District of the Democratic Party, et al., Appellants.

First Department, September 23, 1943.

604

*Louis J. Lefkowitz* of counsel for petitioners-appellants Thomas J. Curran and others.

*Andrew M. Lawler* of counsel for Democratic Party.

*Charles H. Tuttle* of counsel for petitioner-appellant George Frankenthaler.

*Leo J. Rosett* of counsel for petitioner-appellant Matthew M. Levy.

*James Hall Prothero* of counsel (*Paxton Blair* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for Board of Elections of the City of New York.

*Robert H. Elder* of counsel for respondent Thomas A. Aurelio.

*Anthony J. Graziano* of counsel for objectants-respondents William Lauricella and John Scalice.

*Per Curiam.* The Election Law makes provision for the method of nominations for the Supreme Court by convention and for the filling of vacancies. The convention is limited by the statute. Except by direction of the Supreme Court, the statute contains no provision authorizing the reassembling of a convention after the convention has fulfilled its function. (*Matter of Greene,* 121 App. Div. 693, 698.) On this appeal, the holding of Special Term that the Board of Elections properly rejected certificates of the reassembled conventions does not appear seriously to be challenged.

The Corporation Counsel says that the principal issue reduces itself to a question whether or not the committees on vacancies acted in good faith in the exercise of their statutory powers. There is in reality no question as to the good faith of the committees. The real issue is whether such committees acted within their powers which are limited by law. The statute provides: '' The convention may appoint a committee to nominate candidates to fill vacancies in nominations made by the convention and caused by the death, declination or disqualification of a candidate. '' (Election Law, § 132, subd. 3.) There was neither death nor declination here.

The question, therefore, is whether the candidate is disqualified. In *People* v. *Purdy* (154 N. Y. 439, 443) the Court of Appeals said: '' * * * The better rule is that the electors, in making the choice, must be confined to the selection of such persons only as are not then under any legal disqualification to exercise * * * [the] powers and perform * * * [the] duties '' of the office.

In *People ex rel. Bush* v. *Thornton* (25 Hun, 456, 467) it was said: '' We are cited to no case in which it has been held that disability to hold office exists in the absence of a constitutional or legislative provision so declaring.''

Petitioner-respondent possesses all the qualifications required by the Constitution and statutory law; the disqualification must be a legal disqualification. The committee on vacancies, therefore, in passing on qualifications may not use its own definition for the purpose of declaring the existence of a vacancy. It would be very dangerous practice to permit a committee in its discretion, without reference to constitutional and statutory limitations, to revoke the nomination of a candidate who had been nominated by a party convention.

Subdivision 2 of section 330 of the Election Law authorizes the Supreme Court to direct a reassembling of any convention where the convention has been characterized by '' such frauds or

irregularities as to render impossible a determination as to who rightfully was nominated * * *." Construing the powers of the Supreme Court in matters enumerated in that section, the Court of Appeals in *Matter of Holley* (*Rittenberg*) (268 N. Y. 484, 487) said: " The field of its powers is limited to the specified matters; within that field the power is plenary." Here, it is not impossible to determine who was nominated by the convention.

Section 142 of the Election Law authorizes the filing of objections to nominations within three days after filing of the certificate. No objection was filed in the present case so that the candidate could meet the issue as to his qualifications.

The order should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously affirmed. Leave to appeal to the Court of Appeals granted.