In the Matter of JOHN A. MULLEN, Individually and as Candidate of the Democratic Party for the Office of Surrogate of New York County, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York and the Board of Canvassers of the City and County of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 26, 1948.

*John P. McGrath, Corporation Counsel (Charles F. Preusse* and *James J. Thornton* of counsel), for the Board of Elections of the City of New York, respondent.

*Alexander I. Rorke, William J. O'Shea, Jacob Markowitz* and *Edward D. Burns* for petitioner.

*Alexander I. Rorke, John T. Dooling* and *Jerome Vale* for David H. Knott, as chairman of the New York County Democratic Committee, respondent.

*Robert P. Patterson* for George Frankenthaler, as candidate of the Republican and Liberal Parties for the office of Surrogate of New York County, respondent.

*Louis J. Lefkowitz, Charles H. Tuttle* and *Paxton Blair* for Thomas J. Curran, as chairman of the New York County Republican Committee, respondent.

*Benjamin Gassman* for Murray Baron, as chairman of the New York County Liberal Committee, respondent.

*Samuel M. Blinken* for O. John Rogge, as candidate of the American Labor Party for the office of Surrogate of New York County, respondent.

*Alfred Harding* for Actors Equity Association and another.

*Mitchell M. Shipman, General Counsel* for National Council of Salesmen's Association.

*Nathaniel L. Goldstein, as Attorney-General of the State of New York (John W. M. Rutenberg* of counsel).

*Walter M. Weis* for City Club of New York.

*Hugh S. Donohue* for V. F. W., *amicus curiæ.*

*Russell Lord Tarbox, amicus curiæ.*

BENVENGA, J. This is a proceeding under article 14 of the Election Law and article 78 of the Civil Practice Act, to review the acts of the board of elections, the board of canvassers and the inspectors of election, concerning the election for the office of Surrogate of New York County, to void the absentee and war ballots, to correct erroneous tabulations of votes on voting machines, to correct a recanvass of votes in a certain election district, and to stay the issuance and filing of a certificate in favor of Frankenthaler and compelling the issuance and filing of one in favor of Mullen.

The petition, after setting forth preliminary matters, alleges in substance that the provisions of the Election Law concerning the issuance and voting and counting of absentee ballots were not complied with; that ballot boxes were not furnished; that the secrecy of absentee and war ballots was destroyed; that the absentee and war ballots were protested at the commencement of the canvass under section 273-a of the Election Law; that voting machines were not functioning properly, and repairs and adjustments thereto were improperly delayed, so that in a certain election district upwards of 148 additional votes should have been recorded on the machines for Mullen but

were not, and upwards of 58 additional votes should have been recorded for Frankenthaler but were not — a net increase of 92 for Mullen being claimed; that the board of elections and board of canvassers, when acting under section 273-a, refused to accept and act upon proofs of the foregoing errors; and that such errors, coupled with the invalidity of the paper ballots, affected the result.

1. Respondents challenge the jurisdiction of this court to grant the relief demanded in a summary proceeding, whether under article 14 of the Election Law or article 78 of the Civil Practice Act. In support of their contention, respondents rely upon *Matter of Hogan* v. *Supreme Court* (281 N. Y. 572). The contest there involved seems to have been even closer than that in the case at bar. There, as the Appellate Division pointed out (see 258 App. Div. 174, 175), the contest was so close that the result in a particular district would have been decisive of the election. It was conceded that the voting machine used in that district was defective, in that it failed to record all the votes cast for one candidate, although all the votes cast for all other candidates were correctly registered. Nevertheless, it was held that, in a proceeding under subdivision 4 of section 330 of the Election Law (which vests in the Supreme Court summary jurisdiction of questions of law or fact arising as to '' Protested, wholly blank or void ballots '' shown upon the statement of the canvass in any election district or districts), this court was without jurisdiction to receive the testimony of voters to establish the number of votes cast on the voting machine for the candidate aggrieved. Moreover, in ruling against the contention that each time the defective machine failed to register the vote cast for the particular candidate aggrieved, the result was a '' wholly blank '' ballot, the court said (p. 575): '' The form of ballots on voting machines is defined and illustrated by section 249. (See, also, §§ 250, 261, 268, subd. 2.) If such a ballot can ever be wholly blank, that situation could hardly be ascertained from the machine itself. But however that may be, a ballot is not wholly blank when a vote cast for any candidate named on it is registered by the machine.''

So, where the form of ballot is on a voting machine of the kind now in use, it can hardly be determined from the machine itself whether a ballot is void or has been protested. Be that as it may, no question was raised in the *Hogan* case (*supra*) as to these issues, and no question is now presented in this connection. In any event, on the face of the petition, no ques-

tion is presented under subdivision 4 of section 330, of which this court has jurisdiction.

2. It is true, as petitioner asserts, that the proceeding in the *Hogan* case (*supra*) was instituted under subdivision 4 of section 330 of the Election Law, while the proceeding at bar is brought not only under subdivision 4, but also under subdivision 5 of section 330 and that, under subdivision 5, this court has jurisdiction to summarily determine any question of law or fact arising as to " The canvass of returns " by the city board of canvassers (see, also, §§ 272, 273).

But here there is no issue as to what the canvass or recanvass actually shows. The count on each voting machine is indicated thereon. It is evidenced not only by the returns made by the inspectors of election of each district, but by the tabulation or canvass made by the board of elections. In any event, the duty of canvassing or recanvassing the votes is purely ministerial, and this court has no jurisdiction in a proceeding under either article 14 of the Election Law or article 78 of the Civil Practice Act, except to compel the election officials to perform their duties in that respect and to correct obvious errors in the canvass (see *Matter of Oliver,* 234 App. Div. 170, 175; *Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171, 176; *Matter of Ginsberg* v. *Heffernan,* 186 Misc. 1029, 1034–1035).

Nor is there anything in section 273-a of the Election Law (added by L. 1946, ch. 871), enacted after the decision in the *Hogan* case (*supra*), which in any way affects the authority of that case or enlarges the jurisdiction of this court. Section 273-a merely requires the board of elections to make a recanvass as a matter of course — a purely ministerial duty. If the board fails to perform that duty, it may of course be compelled to do so.

3. There remains for consideration the various contentions concerning the absentee and war ballots — the paper ballots as distinguished from the machine ballots. Assuming these questions are reviewable under either article 14 of the Election Law or article 78 of the Civil Practice Act, it would seem clear that, if the board of elections failed to furnish ballot boxes for the purpose of depositing the paper ballots, as the petition alleges, the board has neglected to perform a duty imposed by law (Election Law, §§ 210, 310).

Nevertheless, as the voters did everything required of them by law and the ballots were cast by them in conformity with the law, any dereliction of duty on the part of election officials or any irregularity in issuing, voting, counting or canvassing

the ballots by any of the election officials does not render them " void " within the meaning of section 219 of the Election Law (see *People ex rel. Feeney* v. *Board of Canvassers of Richmond Co.,* 156 N. Y. 36, 47; *People ex rel. Brown* v. *Freisch,* 215 N. Y. 356, 371).

Nor does the fact that the secrecy of absentee and war ballots was invaded by the manner in which they ,were counted or canvassed by the inspectors of election render them void. The constitutional privilege of secrecy (see N. Y. Const., art. II, § 7), though sacred, is nevertheless personal to the elector (Election Law, §§ 208, 242). Like other personal privileges, as, for instance, the privilege against self-incrimination (Richardson on Evidence [6th ed.], §§ 607, 608), the voter may voluntarily waive it, but he cannot be compelled to do so. Nevertheless, this invasion of right cannot be permitted to deprive the elector of his vote or to defeat the will of the people (see *People ex rel. Hirsh* v. *Wood,* 148 N. Y. 142, 146–147; *Matter of Norton,* 152 App. Div. 628, 632; *People ex rel. Woods* v. *Green,* 265 Ill. 39, 43–44).

Clearly, therefore, the fact that the absentee and war ballots were protested is immaterial under the circumstances of this case. In any event, the protest came too late to be effective. As the petition alleges, it was made at the time of the canvass pursuant to section 273-a; it should have been made at the time of the original count or canvass by the inspectors of election (*Matter of Cosgrove* [*Walsh*], 292 N. Y. 115, 116; *Matter of Commerdinger* v. *Vincent,* 270 N. Y. 657, 658).

4. As has been repeatedly pointed out, this court has no inherent powers in election proceedings; it has only such jurisdiction as is expressly conferred by article 14 of the Election Law (*Matter of Holley* [*Rittenberg*], 268 N. Y. 484, 487; *Matter of Hogan* v. *Supreme Court,* 281 N. Y. 572, 576, *supra; Matter of Oliver,* 234 App. Div. 170, 174, *supra; Matter of Ginsberg* v. *Heffernan,* 186 Misc. 1029, 1034, *supra*). " The field of its powers is expressly limited to the specified matters; within that field the power is plenary." (*Matter of Holley* [*Rittenberg*], *supra,* p. 487.) " Any extension of the summary remedy by that section [i.e., Election Law, § 330] must be made by the Legislature." (*Matter of Hogan* v. *Supreme Court,* 281 N. Y. 572, 576, *supra*).

However, assuming the truth of the allegations in the petition, it does not follow that the candidate aggrieved is without remedy. As the Special Term pointed out in *Matter of Bon-*

*acker* v. *Clark* (Sup. Ct., Rensselaer Co., March 11, 1938, BERGAN, J., affd. 254 App. Div. 801) : '' The remedy for a failure of a voting machine to record votes cast is not with canvassers, but is vested solely in this court in a plenary action brought by the People of the State, at the instance of the candidate who has been injured by the failure of the machine to record the expressions of the voters. The path to full and adequate relief is clearly marked and well defined. There is available no indirect means to obtain that relief in this proceeding.  *  *  *  There exists no other easier or more indirect way to determine how the electors attempted to vote on the defective voting machine and to declare [the candidate aggrieved] elected from their proof. He has a remedy in quo warranto and it is his only remedy.'' (See *Matter of Hogan* v. *Supreme Court,* 258 App. Div. 174, 178–179, *supra*; *Matter of Ginsberg* v. *Heffernan,* 186 Misc. 1029, 1035–1937, *supra.*)

It would seem to follow that, even assuming the truth of the allegations in the petition, they fail to state a case within the summary jurisdiction of this court under either article 14 of the Election Law or article 78 of the Civil Practice Act.

The petition is, therefore, dismissed with exception to petitioner. The temporary stay is continued to November 29, 1948, 4:00 P.M., pending any application to the Appellate Division.