In the Matter of CLARENCE E. SOUTHARD et al., Respondents, against JOHN E. McGANN et al., Constituting the Board of Trustees of the Village of Island Park, Nassau County, et al., Appellants.—

In our opinion the court is without power to cancel the election of candidates for one office in an election in which voting machines were used and in which election candidates for other officers were upon the ballots on the voting machines and voted for in the election. (*Matter of Hogan* v. *Supreme Court*, 281 N. Y. 572.) The matters alleged in the petition do not fall within any of the subdivisions of section 330 of the Election Law nor do they, if accepted as true, establish fraud warranting the summary action by the court. The order made is not within the "inherent powers of the court, but must find authorization and support in the express provisions of the statute." (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202, 206; *Matter of Gabelmann*, 136 Misc. 641, 642.) "The field of its powers is limited to the specified matters; within that field the power is plenary." (*Matter of Holley* [*Rittenberg*], 268 N. Y. 484, 487; *Matter of Aurelio* v. *Cohen*, 44 N. Y. S. 2d 145, affd. 266 App. Div. 603, affd. 291 N. Y. 645.) In a companion appeal decided herewith (*Matter of Anson* v. *McGann, ante,* p. 586) we have directed that the board of trustees of the village shall, pursuant to section 53 of the Village

Law, determine which of the two candidates for trustee who received an equal number of votes shall be deemed elected. When that direction has been complied with, title to that office or to others held by the officials elected in the election in question may, if so advised, be tested by quo warranto upon the disputable and extraneous facts alleged in the petition. (*Greene* v. *Knox*, 175 N. Y. 432; Civ. Prac. Act, art. 75.) Carswell, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.