Nicholas M. Pette, J.
Petitioner instituted this proceeding for an order: (1) canceling the designations of all candidates for the party position of Male District Leader, 11th Assembly District, Part 2,3, Queens County, (2) annulling the division of the 11th Assembly District into three executive districts as being without authority in the rules of the Queens County Democratic Organization or the Election Law and designating the name of J. Foster Phillips, leader of the 11th Assembly District, Part 23, for the reason that he is not a resident of Part 23 nor was lie enrolled as a resident of Part 23 at the time of his resigna *56 tion, for which reason his designation is illegal, and enjoining J. Foster Phillips from characterizing himself in any way or form as Democratic organization designee, and from claiming that fact on any stationery or publicity in his claim.
The respondents have made no return to the petition herein, contending that this court is without jurisdiction to entertain this application. The petitioner in this proceeding is not an aggrieved party and there is no proof to support the allegations of his petition. However, arguing pro se before this court, the petitioner contends that the 11th Assembly District was illegally divided into three executive zones by the executive committee of the Queens County Democratic Organization and that said executive committee had no authority to do so under the rules of the Queens County Democratic Organization, and that the county committee did not vote upon and authorize such a division. Petitioner further argued that he had standing before this court since he is a candidate for an office, a party position, and that he would like to be a candidate for a valid, legal party position, and that if the district is illegally constituted, then his designation would be illegal, and that for those reasons this proceeding is a proper election matter and he is an aggrieved party.
The respondents conceded that the district was constituted into three executive districts by the executive committee, and stressed that it was so constituted pursuant to the rules of the Queens County Democratic Organization, and contend that this proceeding is not a proceeding under section 330 of the Election Law; that petitioner is not an aggrieved party, and that this court is without the power to entertain this proceeding.
This court was assigned by the Appellate Division of the Supreme Court, Second Judicial Department, to concern itself with election matters. Article 14 of the Election Law is entitled “ Judicial Proceedings ” and sections 330 to 336 thereof set forth the matters over which this court has summary jurisdiction. There is nothing in said article 14 that gives this court jurisdiction to entertain this proceeding brought by the petitioner. The Court of Appeals has held that as to the powers of the Supreme Court in election cases, “ The field of its power is limited to the specified matters; ” (contained in the statute, art. 14) “within that field the power is plenary” (Matter of Holley [Rittenberg], 268 N. Y. 484, 487). The Supreme Court has no inherent powers in election proceedings, but has only such jurisdiction expressly conferred by the statute (Matter of Petito v. Heffernan, 115 N. Y. S. 2d 118, affd., 280 App. Div. 883; *57 Fisher v. Schmarge, 120 N. Y. S. 2d 788 [Sup. Ct., Special Term, Rockland County, Eager, J.]).
The court determines that it has no jurisdiction in this matter and the petition herein is accordingly dismissed.
Submit order.