Felix J. Atjlisi, J.
At the November 7,1961 general election the petitioner, Francis Hanley, was the Democratic and Citizens party candidate for the office of Councilman for the Town of Fort Edward. Howard Creaser opposed him on the Republican and Independent ticket and the canvass of the votes made by the Washington County Board of Elections shows that Creaser received 1,216 votes and Hanley 1,215.
*1070 There is no claim or even intimation here of any clerical errors, protested absentee or service ballots or instances of oversights, irregularities, mistakes or fraud. The only discrepency is that on machine numbered 8,527 and referred to as Machine B, one of the two used in Election District 2 in said town, the public and protective counters registered 364 but the compartment counters for the office of Town Councilman registered a total of 386 with 253 votes for Hanley and 133 for Greaser. An obvious excess of 22 votes was recorded by the machine for that office.
In this proceeding under article 14 of the Election Law, Mr. Hanley seeks a new election in said district contending that under section 330 of said law the Supreme Court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in said section which shall be construed liberally and make such order as justice may require.
It is evident that something was wrong with that machine but it is beyond the power of this court to trace the 22 excess votes and the petitioner’s contention overlooks the fact that section 330 limits me to “ any of the subjects set forth in this section ”. (Italics supplied.) True it is that this court has power to order a new primary election but nowhere in the statute or case law can authority be found which empowers us to void a general election and direct the holding of a new one (Matter of Hogan v. Supreme Court, 281 N. Y. 572; Matter of Ginsberg v. Heffernan, 186 Misc. 1029; Matter of Ingamells v. Board of Elections of Oswego County, 259 App. Div. 36). There is a distinct difference between primary elections and general elections. At a primary election, the successful nominee is merely the choice of those affiliated with him in the same political party. The choice expressed by the electorate at a general election is a final choice. The victor, by the result, becomes the owner of a title to public office. As an incumbent of an office, his title thereto after election, may be tested only by a full and complete action.
This court, in the review of election matters has no inherent power but only such jurisdiction as is conferred by statute and any extension of the summary remedy authorized by section 330 must be made by the Legislature (Matter of Hogan v. Supreme Court, supra). It appears to me that the express inclusion of the power to order a new election in the case of a primary election and complete silence on the power to do so in the case of a general election, clearly indicates an intention on the part of the Legislature not to grant such power to the courts.
*1071 Furthermore in the light of the uncontroverted facts in this case and especially where no fraud is charged, it is my belief that a new election cannot be ordered. Pursuant to law, the machine in question had been properly prepared to receive the ballots on Election Day by both the Democratic and Republican custodians, in the presence of each other on November 3, 1961, at the public school building which was designated as the polling place for said District 2. All the various functions of the machine including the levers and counters were inspected, checked and found to be working properly. The tabulators and counters were setback to zero and the machine was locked, sealed and all keys to same were kept by the Democratic custodian of the voting machines who is also employed in said school building as is Mr. Hanley. Following Election Day and the discovery of the 22 excess ballots for the office of Councilman the said machine was examined and tested in the presence of the petitioner and it was found to be in proper working order.
I, therefore, must conclude that the only remedy which Mr. Hanley has, is to test the title to the office by an action in which a trial may be had as to questions of fact. The proceeding by quo warranto is the proper and appropriate remedy for trying and determining the title to a public office, and of ascertaining who is entitled to hold it, of obtaining possession of an office to which one has been legally elected and has become duly qualified to hold, and also of removing an incumbent who has usurped it, or who claims it by an invalid election, or Avho illegally continues to hold it after the expiration of his term. From the earliest times the legal remedy for trying a title to an office was by writ of quo warranto, now a direct action by the Attorney-General (Greene v. Knox, 175 N. Y. 432; Civ. Prac. Act, § 1208).
The petition is, therefore, dismissed, without costs, and with exception to the petitioner. The temporary stay is continued to January 8, 1962, pending any application to the Appellate Division.