Richard J. Cardamone, J.
This proceeding has been instituted by a show cause order which was returnable on March 23, 1964 to have this court void an election held on March 17, 1964 in the Village of Jordan, Town of Elbridge, Onondaga County, on the grounds of alleged irregularities. The applicant, Louis T. Oster, claimed that he was a write-in candidate for the office of Village Trustee. The election was held to fill open offices for *433 two trustees in the Village of Jordan. Two candidates were nominated. It does not appear from the record in what manner. However, they were running unopposed. No petitions were filed. There was one voting machine used in the election. The polls were open from 4:00 p.m. to 8:00 p.m. There were 44 registered voters. One candidate received 37 votes and the other received 39 votes.
The gravamen of the applicant’s complaint is that the voting machine was set up so as to render it impossible for voters to write in the name of a candidate. The applicant also contends that the election inspectors told inquiring voters that no write-in votes were to be permitted and that the voters must vote for the listed candidates. The applicant contends that some voters believed they were ‘ ‘ trapped ’ ’ inside the voting machine and that they could only remove themselves by casting their vote for the listed candidates. The applicant has furnished affidavits to substantiate these contentions. The affidavits of the election inspectors and the custodian of the voting machine, however, indicate that spaces and slides for write-in ballots were working properly on the day in question. The two election inspectors, having each had 10 years’ experience, stated that they were in constant attendance at the polling place and that no requests were made for instructions except by one voter, who was already inside the voting machine at the time of the request. In short, there are disputed questions of fact as to what transpired during the election held on March 17, 1964, in the Village of Jordan.
This court has no inherent power in election proceedings but must find authorization and support in the express provisions of the statute. (Matter of Tammey v. Atkins, 209 N. Y. 202; Matter of Mansfield v. Epstein, 5 N Y 2d 70, 74.) Section 330 of the Election Law vests the Supreme Court with summary jurisdiction to determine í ‘ any question of law or fact arising as to any of the subjects set forth in this section”. (Emphasis supplied.) There follow 7 subdivisions. Subdivision 1 is applicable only to designation of candidates in primaries (Matter of Brady, 246 App. Div. 561); subdivision 2 is limited in its application to elections to party positions and primaries; subdivision 4 deals with protested, wholly blank or void ballots; subdivisions 5 and 6 deal with the canvass of returns; and subdivision 7 deals with the rejection of an application for an absentee ballot. None of these subdivisions have application to this proceeding. There remains subdivision 3, which relates to “ The form and contents of official ballots, including ballots upon voting machines * * * in a proceeding instituted by any candidate aggrieved
*434 Although, this subdivision does not limit itself to primary elections, this court is of the opinion that the summary jurisdiction granted in section 330 does not give this court power to cancel, set aside or annul a general election. (Matter of Hogan v. Supreme Court, 281 N. Y. 572, construing subd. 4; Matter of Holley [Rittenberg], 268 N. Y. 484, construing subd. 2; Matter of Macy v. Clayton, 277 App. Div. 1131, construing subds. 4, 5; Matter of Brady, supra, construing subd. 1; Matter of Hanley v. Creaser, 31 Misc 2d 1069; Matter of Lester v. Gruner, 205 Misc. 67.)
In Matter of Hogan v. Supreme Court (supra), referring to section 330, the Court of Appeals stated (p. 576): “ Any extension of the summary remedy authorized by that section must be made by the Legislature ’ ’. Under similar circumstances involving the election of Village Trustees, the Appellate Division of the Second Department reversed Special Term and refused to set aside a general election. (Matter of Southard v. McGann, 279 App. Div. 588; Fisher v. Schmarge, 120 N. Y. S. 2d 788, construing subd. 3.)
This annual village election (Village Law, § 52) was not a special election (Village Law, § 56) nor a primary election (Village Law, § 51-b). The phrase “ annual village election” is synonymous with the term 1 ‘ general election ’ ’ as the latter is used in the Election Law (Village Law, § 52, provides that all elections, other than the annual election, are special elections; Village Law, § 53-a; 12 Op. St. Comp., 1956, p. 102). “Any election at which there is a general and popular expression of the public will * * * is a general election ”. (Matter of Wing v. Ryan, 255 App. Div. 163, 167, affd. 278 N. Y. 710.)
Although this court determines that the applicant has no remedy under the summary provisions of the Election Law, it does not mean to suggest that the applicant has no remedy at all. The proper remedy here, where .title to office is to be tested, is by a “ quo warranta ” proceeding (Greene v. Knox, 175 N. Y. 432, 437; Matter of Ingamells v. Board of Elections of Oswego County, 259 App. Div. 36, 39; Executive Law, § 63-b) upon the disputable facts alleged in the affidavits, (Southard v, McGann, supra.) Where there was a mechanical failure of a voting machine, “ quo warranta ” was held to be the proper remedy. (People ex rel. Deister v. Wintermute, 194 N. Y. 99; Matter of Carson, 164 Misc. 945.)
‘ ‘ Courts * * * have given most special protection to a citizen’s right to vote * * * and, correlatively, his right to be a candidate * * *. It would not do to cut down that protection”. (Schwarts v. Heffernan, 304 N. Y. 474, 482.) *435 The Court of Appeals in the Schwarts case took pains to emphasize the importance of the right to vote and the right to be a candidate and suggests the possibility of a tort action by an aggrieved candidate or voter.
In view of the determination made, it becomes unnecessary to pass upon the various points raised in the cross motion.
Custody of the voting machine in question has been placed in the Board of Elections of Onondaga County, pending this determination. Provision should be made in the judgment submitted for the retention of this custody for such a period of time as will reasonably afford applicant an opportunity to proceed either by way of appeal or by such other proceeding as he may be advised to institute. The application is dismissed without prejudice.