■ In the Matter of DOROTHY A. NAREL, Respondent, v. HARRIET A. KERR, Appellant.— MEMORANDUM BY THE COURT. In a proceeding instituted by her opponent pursuant to section 330 of the Election Law the successful candidate for member of the State Committee of the Democratic party for the County of Ulster at a primary election held on June 2, 1964 appeals from an order of the Supreme Court at Special Term directing the Board of Canvassers of that county to open the ballot boxes, to inspect, recanvass and recount the paper ballots cast in the election and to report its findings to the court in writing which "shall be the final determination as to said Primary Election". It is conceded that the proceeding was untimely under subdivision 2 of section 330 of the Election Law. As the basis for its action Special Term relied on the provisions of subdivision 5 which in a proceeding instituted in the manner and within the time prescribed by statute authorizes the Supreme Court or a Justice thereof summarily to determine any question of law or fact arising as to the canvass of returns by a County Board of Canvassers and empowers the court or Justice to "direct a recanvass or the correction of an error or the performance of any duty imposed by law". This subdivision has been construed to have "no reference to the recanvass or recount of ballots." (*Matter of Oliver*, 234 App. Div. 170, 174; *Matter of Medbury*, 234 App. Div. 26; *Matter of Mullen* v. *Heffernan*, 193 Misc.

334, 338, affd. 274 App. Div. 972, affd. 298 N. Y. 785.) There is no inherent power to extend a judicial review beyond that provided by the statute. (*Matter of Macy* v. *Clayton*, 277 App. Div. 1131, mot. for lv. to app. den. 302 N. Y. 950; *Matter of Hogan* v. *Supreme Court*, 281 N. Y. 572, 576; *Matter of Tamney* v. *Atkins*, 209 N. Y. 202.) It is clear that Special Term proceeded in excess of its jurisdiction. Nor is there any showing that petitioner was entitled to the relief sought under subdivision 4 of section 330. Order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.