Owen McGivern, J.
Petitioner Periconi, a candidate in the general election, held on November 2, 1965, in the City of New York, for the office of President, Borough of The Bronx, seeks to enjoin the Board of Elections and the Board of Canvassers from certifying the election for said position and the direction of a recanvass or the correction of errors in the canvass and returns of certain election districts in the Borough of The Bronx, or a new election for the office.
Petitioner alleges fraud, irregularities and negligence in the conduct of said election in that, inter alia, certain ineligible persons were permitted to vote.
Respondent Badillo, the victorious candidate by some 2,000 votes, cross-moves to dismiss the proceeding for lack of jurisdiction.
The relief sought by the petitioner is antithetical to a long line of precedents. As a court of first instance, this court feels bound to follow these precedents as policy rendered manifest by controlling authority. And these precedents plainly indicate that this court has only such limited powers of summary jurisdiction as are conferred by statute, specifically section 330 of the Election Law. (Matter of Hogan v. Supreme Court of N. Y., 281 N. Y. 572; Matter of Southard v. McGann, 279 App. Div. 588; Matter of Macy v. Clayton, 277 App. Div. 1131; Matter of Tamney v. Atkins, 209 N. Y. 202, 206; Matter of Mullen v. Heffernan, 193 Misc. 334, 339, affd. 274 App. Div. 972, affd. 298 N. Y. 785.) Any expansion of these powers rests with the Legislature.
As was said in a Per Curiam opinion of the Court of Appeals, (MoG-ivern, J. concurring): “ There is no question that the Supreme Court has summary jurisdiction of proceedings brought under section 330 of the Election Law, but in election cases a court may only exercise the powers granted to it within the framework of the procedures prescribed by the statute.” (Matter of Mansfield v. Epstein, 5 N Y 2d 70, 74.)
And, in any event, this court has no inherent power to summarily direct a new general election (Matter of Lester v. Gruner, 205 Misc. 67, 72).
The authorities further indicate an ancient rule to the effect that courts of equity may not interfere with the occupation of public office once the political machinery of the State has run its course. The victor can only be ousted by action in the nature *393 of quo warranto with the full right of trial by jury, and in accordance with the rules of common law. (Seavey v. Van Hatten, 276 App. Div. 260.)
Nor are any of the specific forms of relief held out by section 330 of the Election Law available to the petitioner herein. All are patently irrelevant, except subdivisions 4 and 5. And, upon analysis, they, too, are of no comfort to the petitioner.
Subdivision 4 relates to “ Protested, wholly blank or void ballots And ballots of this character, in their total number, are insufficient herein to affect the results of the election.
Arguments directed to the ineligibility of some voters are also inapposite here since so few were the subject of timely challenge; and unless ballots are protested at the time of casting, they cannot subsequently be regarded as void (Matter of O'Shaughnessy, v. Monroe County Bd. of Elections, 15 A D 2d 183, 188); nor are challenges to eligibility by a losing party, after the election, generally regarded with favor by the courts. (See Sheils v. Flynn, 252 App. Div. 238, affd. 275 N. Y. 446; Matter of McGuinness v. De Sapio, 9 A D 2d 65, 74.)
Subdivision 5 limits judicial power in this form of proceeding, relating to a general election, to the correction of errors in the canvass of the votes. (Matter of Macy v. Clayton, 277 App. Div. 1131, supra.) And, under the circumstances herein prevailing, is inapplicable.
Since this court is without power to grant any of the forms of relief sought herein, the petitioner must be remitted to his remedy in a quo warranto action; and the petition must be and is dismissed, without costs.