In the Matter of RICHARD P. VAN ETTEN, Petitioner, *v.* MILDRED S. MILLSPAUGH et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents.

Supreme Court, Special Term, Sullivan County, December 8, 1966.

*Theodore Drew* for petitioner. *Carl P. Goldstein, County Attorney,* for Mildred S. Millspaugh and another, respondents. *Rosen & Rosen (George H. Rosen* of counsel), for Abe Rosenberg, respondent.

LAWRENCE H. COOKE, J. Petitioner, a candidate for the office of Councilman of the Town of Thompson at the general election held on November 8, 1966, seeks an order directing " the Board of Inspectors of the Third Election District of the Town of Thompson and the Board of Elections of the County of Sullivan to reconvene, recanvass and correct the Statement of Canvass and Return so far as it affects the vote cast at the General Election held on November 8, 1966, for the office of Councilman of the Town of Thompson, and striking from such Register certain names of voters thereon appearing " and " a special election in the Third Election District of the Town of Thompson after the register of that district has been corrected and ordering that the canvassing of the result of said election be based upon

the result of the Special Election in the Third Election District aforesaid and the returns of the other election districts of the Town of Thompson on the date of the General Election as prayed for in the petition."

Upon argument, it was conceded that the Board of Elections of Sullivan County has certified in substance that respondent Rosenberg was elected to said office by a plurality of five votes over petitioner. Here, in this proceeding, petitioner alleges that 3 absentee ballots were improperly voided and should have been counted for him and, further, that 8 persons who voted in the said Third Election District were not qualified to vote by reason of residence requirements and that, therefore, their votes should not have been counted. (It was also alleged that a ninth person was not entitled to vote by reason of not being a citizen but it was agreed on argument by all concerned that there is no evidence that said person actually voted.)

The Supreme Court has no inherent summary powers in election proceedings and possesses only such jurisdiction in this respect as is expressly conferred by the Election Law (*Matter of Mansfield* v. *Epstein*, 5 N Y 2d 70, 74; *Matter of Hogan* v. *Supreme Court*, 281 N. Y. 572, 576; *Matter of Holley* [*Rittenberg*], 268 N. Y. 484, 487; *Matter of Tamney* v. *Atkins*, 209 N. Y. 202, 206; *Matter of Southard* v. *McGann*, 279 App. Div. 588; *Matter of Mullen* v. *Heffernan*, 193 Misc. 334, 339, affd. 274 App. Div. 972, affd. 298 N. Y. 785; *Matter of Aurelio* v. *Cohen*, 44 N. Y. S. 2d 145, 147, affd. 266 App. Div. 603, affd. 291 N. Y. 645; Abrahams, New York Election Law, p. 263; 20 Carmody-Wait, N. Y. Prac., p. 691). By subdivision 2 of section 330 of the Election Law the court is empowered to order a new primary election but nowhere is there found a similar provision empowering the court to order a new general election; and, under familiar canons of statutory construction, the express inclusion of said power regarding a new primary election and the absolute silence on such power concerning a new general election demonstrate a legislative intent not to grant the latter power to the courts (*Matter of Southard* v. *McGann*, 279 App. Div. 588, *supra*; *Matter of Periconi* v. *Power*, 48 Misc 2d 391; *Matter of Ryan* v. *Kalin*, 48 Misc 2d 27; *Matter of Oster* v. *Village of Jordan*, 42 Misc 2d 432, 434; *Matter of Hanley* v. *Creaser*, 31 Misc 2d 1069; *Matter of Lester* v. *Gruner*, 205 Misc. 67, 72; *Matter of Ginsberg* v. *Heffernan*, 186 Misc. 1029, 1033–1034).

The absentee ballots, in the total number of those complained of, are insufficient to affect the results of the election (cf. *Matter of Macy* v. *Clayton*, 277 App. Div 1131; *Matter of Periconi* v. *Power*, 48 Misc 2d 391, *supra*).

The proceedings provided by the Election Law do not include the contest of an election by determining that certain voters at a general election were disqualified because they were nonresidents, the remedy in such case being an action in the nature of quo warranto (*Matter of Macy* v. *Clayton*, 277 App. Div. 1131, *supra*; *Ferguson* v. *Gada*, 135 N. Y. S. 2d 699, 703–704; *Matter of Carson*, 164 Misc. 945, 949, affd. 254 App. Div. 801; 18 N. Y. Jur., Elections, § 480; 20 Carmody-Wait, N. Y. Prac., pp. 715–716; 2 Gassman, Election Law [2d ed.], p. 887).

Petition dismissed without prejudice to the institution of such action or other proceeding by petitioner as he may be advised.