Jacob J. Schwartzwahd, J.
Petitioners, candidates for Community School Board members, District No. 22 Kings County, at the election held on March 19, 1970, seek an order declaring such election to be invalid and directing the Board of Education and the Board of Elections to hold a new election for community school board members for the district. The motion of petitioners, G-erald P. Hecht and Joseph Massina, made at the hearing hereof to sever and discontinue the proceeding as to them, is granted.
Petitioners assert that many irregularities occurred during the election. In substance, it is claimed that electioneering was permitted at the polls; ballots were distributed by the Election Board Inspectors with campaign material enclosed; electors were not permitted to vote; the Police Department did not report the amount of votes cast; ballot boxes were delivered opened to the central counting place; confusion existed at the counting, with ballots and ballot stub numbers strewn over the floor of the premises; and the counting of the ballots was disorganized and chaotic.
The provisions of the Election Law with respect to judicial proceedings govern the -election of community school board members (Education Law, § 2590-c, subd. 6, par. [31]). Under *120 section 330 of the Election Law, the Supreme Court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in the section, none of which are applicable herein. The Supreme Court is not vested with any inherent power to extend a judicial review of election matter beyond that provided by the statute (Matter of Narel v. Kerr, 22 A D 2d 979). It only has such power as is given it by statute (Matter of Mansfield v. Epstein, 5 N Y 2d 70). Not even its equity powers give it jurisdiction (Schieffelin v. Komfort, 212 N. Y. 520, 535). It has no power to summarily cancel, set aside or annul a general election (Matter of Oster v. Village of Jordan, 42 Misc 2d 432), or to order a new general election. (Matter of Ryan v. Kalin, 48 Misc 2d 27; Matter of Periconi v. Power, 48 Misc 2d 391.) Subdivision 2 of section 330 permits the Supreme Court to direct the re-assembling of any convention or the holding of a new primary election where a convention or primary election has been characterized by such frauds or irregularities as to render impossible a determination as to who rightfully was nominated or elected. The election for community school board member, being one for the purpose of filling a public office, obviously does not fall within the purview of this subdivision. The court thus has no jurisdiction to entertain the proceeding herein. Petitioners may find a remedy by proceedings in the nature of quo warranto (Matter of Southard v. McGann, 279 App. Div. 588; Matter of Ingamells v. Board of Election of Oswego County, 259 App. Div. 36; Matter of Van Etten v. Millspaugh, 52 Misc 2d 569). The application is denied and the petition is dismissed.